PHILIP LIKES ET AL. V. GEORGE WILDISH ET AL.

[FILED JUNE 27, 1889.]

1. **Mortgage:** REAL ESTATE: FORECLOSURE: REDEMPTION. A mortgage on real estate was given in 1876 to secure one promissory note for $125 due October 1, 1876, and one promissory note for $200 due March 1, 1877.   Soon after the first note was due an action in equity was instituted thereon to foreclose the mortgage, the petition stating the facts as to both notes but asking for a foreclosure as to the first alone.   After both notes became due, no further pleadings having been filed, a decree for the amount due on both notes was taken by default, and the premises sold under the decree, the sale confirmed, and a deed made to the purchaser.   Nearly ten years afterwards an assignee of the mortgagor filed a bill to redeem upon the sole ground that the decree for the amount of both notes was unauthorized and void.   *Held, First*—That a demurrer to the petition was properly sustained.   *Second*—That a sale under such a decree is voidable, not void.   *Third*—That the procedure in the case is contrary to equity and liable to abuse, and if by reason thereof a mortgagor has been defrauded of his property, a court of equity in a proper case will grant him relief.

2. **Default.**  The failure to enter a formal default against a defendant who has been duly served with process and failed to answer when so required is not error.

ERROR to the district court for Hamilton county.    Tried below before NORVAL, J.

*Philip Likes*, and *J. H. Smith*, for plaintiff in error, cited: *Schultz v. McLean*, 18 Pac. Rep. (Cal.), 775; *Gage v. Mayer*, 7 N. E. Rep. (Ill.), 97; *Jones v. Null*, 9 Neb., 254; *Smith v. Buse et al.*, 28 N. W. Rep. (Minn.), 220; *Meskimen v. Day*, 10 Pac. Rep. (Kan.), 14; *Brown v. Swift*, 1 S. W. Rep. (Ky.), 474; *Gale v. Shillock*, 29 N. W. Rep. (Dak.), 661; *Taylor v. Courtnay*, 15 Neb., 190.

*Agee & Stevenson*, for defendant in error, cited: Freeman on Judgments, secs. 126–135; *Hardy v. Miller*, 11 Neb., 397; *McPherson v. Bank*, 12 Id., 205; *McKeighan v. Hopkins*, 14 Id., 361.

MAXWELL, J.

This is an action to redeem certain real estate from the foreclosure of a mortgage. A demurrer to the petition was sustained in the court below and the action dismissed. The first part of the petition is as follows: "That on the 27th day of June, 1877, the United States issued a patent to one Charles C. Pierce, and thereby conveyed to said Pierce in fee-simple the following described land situated in Hamilton county, Neb., to-wit: The southeast quarter of section 6, in township 10, of range 6 west. That while said Charles C. Pierce was the owner of said land, to-wit, on the 21st day of January, 1886, he and his wife, Ruth T. W. Pierce, conveyed said land to the plaintiffs for value received and the plaintiffs are now, and have been, the owner in fee-simple since the said 21st day of January, 1886, of said land. That on the 21st day of March, 1876, said Charles C. Pierce made, executed, and delivered to one C. B. Ragan two certain promissory notes, one for the sum of $125, due October 1, 1876, with interest at 10 per cent, and one for

$200, due March 1, 1877, with interest at 10 per cent." These notes were secured by a mortgage on real estate, which mortgage was duly recorded. In November, 1876, an action to foreclose the mortgage to secure the payment of the $125 note was brought and a summons duly issued and served, and in June, 1877, a decree was taken by default for the sum of $364.83, the second note for $200 having become due in the meantime. It is alleged that no default was taken against the defendants before entering the decree. This, however, does not affect the decree. The defendants in that action were in default, the time to answer having expired long before the decree was rendered, there was a default in fact and the failure to make a formal entry to that effect is not in such cases ground of error.

The allegations and prayer of the petition for the foreclosure of the mortgage were as follows: "And said plaintiff further avers that the said Charles C. Pierce did not pay or cause to be paid the said C. B. Ragan the said sum of $125 with interest when the same became due according to the tenor and effect of the first mentioned promissory note of said Charles C. Pierce, nor any part thereof; nor has the said Charles C. Pierce yet paid or caused to be paid the same to the plaintiff or any part thereof, whereby the said deed has become absolute. And said plaintiff says that no proceedings at law have ever been commenced or had to recover the debt secured thereby or any part thereof, and that no part of said debt has ever been collected or paid. The plaintiff, C. B. Ragan, therefore prays that an account be had of the amount due on the said promissory notes before mentioned; that the court decree a sale of the mortgaged premises, or so much thereof as shall be sufficient to satisfy the claim of the said plaintiff, unless within a short time, to be fixed by the court, the said defendant pay to the said plaintiff the sum of $125, with interest at the rate of 10 per cent from March 21, 1876, and costs and such other and further relief as equity may require."

In June, 1877, without amending his petition or prayer or filing a supplemental petition, a decree was rendered in favor of the plaintiff in that action as follows:

"C. B. RAGAN  
      v.  
CHARLES C. PIERCE AND  
R. T. W. PIERCE.

"On this 13th day of June, 1877, came C. B. Ragan by A. W. Agee, his attorney, and the said Charles C. Pierce and R. T. W. Pierce, his wife, defendants, still failing to answer or demur to said plaintiff's petition, it is considered by the court that the said plaintiff is entitled to an account of an amount due him in the premises, and the court do find that the said Charles C. Pierce and R. T. W. Pierce are justly indebted to said plaintiff on the note and mortgage in said plaintiff's petition described, in the sum of $364.83, and his costs, to be taxed in the sum of $———. It is therefore ordered, adjudged, and decreed that in case the said Charles C. Pierce fail for 20 days from the rising of this court to pay to the said plaintiff the sum of $364.83 found due as aforesaid, with costs of suit, that an order issue to D. A. Scoville, who is hereby appointed a special master commissioner for that purpose, commanding him to cause the said lands and tenements in said plaintiff's petition described, lands and tenements situated in the county of Hamilton, state of Nebraska, to-wit, the southeast ¼ of section No. six, township No. ten north, range six west, of the 6th principal meridian, together with all and singular the tenements, hereditaments, and appurtenances thereunto belonging, to be appraised, advertised, and sold according to law to satisfy said sum of money so as aforesaid found due with costs and increase costs."

No appeal was taken, but it is claimed by the plaintiffs that the decree is void for want of jurisdiction as to the excess over $125. No stay seems to have been taken, and in November, 1877, an order of sale was duly issued and

the mortgaged premises were duly appraised and sold to George Wildish for the sum of $333. This sale, in June, 1878, was duly confirmed and a deed thereafter made to the purchaser. Wildish has conveyed a portion of the land to other parties. The question presented is, Is the decree of foreclosure void? We think not. As to the sum of $125, and interest thereon, it was a valid decree, and a sale thereunder would convey a valid title. There is no allegation in the petition that more land was sold than would have been necessary to satisfy the amount due on the $125 note; and while it is reasonable to suppose that such was the case, yet in the absence of an allegation to that effect, we cannot presume that to be the fact, as the land may have been so situated that it was necessary to sell it all. That the judgment was erroneous there is no doubt (*Lipp v. Horbach*, 12 Neb., 371); and whether as to the excess of $125 and interest we need not determine, as there is nothing to show that the result of the sale would have been different had the decree been for $125 and interest thereon. A court of equity will not permit the mode of procedure followed in this case, and if the effect has been to work injustice to the mortgagor whereby an undue advantage has been taken of him and his property sacrificed, relief in a proper case will be granted in some form, but so far as the facts stated in the petition show the mortgagor suffered no damages in consequence of the irregular proceedings, and the plaintiffs are not entitled to relief.

The judgment is therefore affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.