LEONTINE T. NEWCOMB, Respondent, v. SILAS B. JONES, Administrator of SUSAN E. SHOEMAKER, Appellant.

St. Louis Court of Appeals, November 5, 1889.

1. **Bank Check:** PRESUMPTION REGARDING. A check is presumed, *prima facie*, to have been given for value.

2. **Evidence.** An admission is not conclusive when there is no element of estoppel in the case.

3. **Instructions.** An instruction not warranted by the evidence is erroneous.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

REVERSED AND REMANDED.

*Rochester Ford* and *Paul Jones*, for the appellant.

There is no evidence to support the verdict in this case, and it ought not to stand. *Zwisler v. Storts,* 30 Mo. App. 163; *Ellis v. Bray,* 79 Mo. 227; *Lionberger v. Pohlman,* 16 Mo. App. 392; *Fischer v. Trans. Co.,* 13 Mo. App. 133. The court erred in giving plaintiff's instructions one, two and three, because said instructions are not based upon the evidence given at the trial, and tend to mislead the jury by submitting to them issues about which there is no proof. *White v. Chaney,* 20 Mo. App. 389; *Benson v. Railroad,* 78 Mo. 504; *Lester v. Railroad,* 60 Mo. 268-9; *Bank v. Overall,* 16 Mo. App. 510; *Skyles v. Bollman,* 85 Mo. 35.

*Hiram J. Grover,* for the respondent.

Every check is, *prima facie*, presumed to be given for value received. *Morrison v. McCartney,* 30 Mo.

187 ; *Chouteau v. Rowse*, 56 Mo. 67. When a check on a bank has been presented for payment, and payment has been refused, the check then imports a debt from drawer to payee, and it may be sued on without proving the consideration, value received being presumed. Daniels, Neg. Inst., sec. 1646.

ROMBAUER, P. J., delivered the opinion of the court.

The plaintiff exhibited for allowance, against the estate of Susan E. Shoemaker, a demand founded on a check for one hundred dollars, drawn by said Susan in his favor, December 30, 1887, on the St. Louis National Bank. The probate court disallowed the demand, but, upon a trial anew in the circuit court, the plaintiff had judgment for the amount claimed. The errors assigned on this appeal are that there is no evidence to support the verdict, and that the court misdirected the jury in its instructions given on plaintiff's behalf.

The plaintiff's evidence consisted of the check, which was shown to have been signed by the decedent, and of the testimony of the cashier of the bank on which the check was drawn, who testified in substance : " That he knew the late Mrs. Susan E. Shoemaker, and that she kept an account in his bank ; that the signature to the check dated December 30, 1887, for one hundred dollars, signed ' Sue E. Shoemaker,' was that of Mrs. Shoemaker ; that said check was sent to the bank inclosed in a letter from Mrs. Leontine T. Newcomb, but that payment was refused because Mrs. Shoemaker had died before the check was presented." The witness further testified that Mrs. Newcomb had come to the bank several times to make some transactions for Mrs. Shoemaker ; that she brought some notes of Mrs. Shoemaker's to the bank for collection for the credit of Mrs. Shoemaker's account ; that Mrs. Newcomb had come to the bank once to get the bank-box of Mrs. Shoemaker,

in which the bank was keeping securities and papers belonging to her, and that at this time Mrs. Shoemaker was not well enough to be out.

On behalf of the defendant, Mrs. Davis, a daughter of plaintiff and daughter-in-law of the decedent, testified in substance that her mother spent two days and nights at the house of the decedent, helping her in December, 1887, and that she (the witness) received a letter from her mother (the plaintiff), bearing date, Hamilton, Ontario, March 7, 1888. This letter was read in evidence to the jury, and such parts thereof as bear upon the present controversy are as follows: "Mrs. S. made me a present before she left, that she requested me not to speak of at the time. She got me to make out a check on the St. Louis National Bank, when I was transacting her business for her, for one hundred dollars, and signed it, saying she wished me to draw that in case she died, for my kindness to her and the children, but she did not want any one to know it. If she lived to get home in May or June she would then give me the amount, or let me draw it. I never thought much of it then, for I thought she might get well and come back and might 'change her mind,' as you always said she was so changeable. She also gave me that diamond stud to keep for Charlie, and in case he died to give it to Kier. I have it in safe keeping. She cautioned me to say nothing of these things to any one, but now that she is gone I will tell you, as you ought to know it. She wanted me to keep all her private papers, but I told her as I was going away I had better deposit them in St. Louis for her. I was so surprised at her confidence in me, for I did not think up to that time she had any regard for me whatever, but my kindness to her seemed to touch her deeply. She often said I seemed like a mother to her those days I staid with her and nursed her. She was so ill that last day I was with her that she could scarcely hold her pen, and asked me

to make out the check, only taking the pen to sign it. At the time I thought she was going to have me draw some more money for her to take with her, as I had been getting it for her from the bank, but much to my surprise she said it was for me. I have sent the check to Mr. Nickerson and asked him to remit to me here."

The court upon the plaintiff's request gave three instructions, each of which embodies the element that if the check was given in payment of personal services rendered by the plaintiff to Mrs. Shoemaker, for which the latter expected at the time to pay, then the check was not a gift. One of the instructions is as follows:

"If the jury find from the evidence that, upon the request of Mrs. Shoemaker, Mrs. Newcomb, the plaintiff, rendered to Mrs. Shoemaker personal services of the reasonable value of one hundred dollars, and that Mrs. Shoemaker, at the time such services were so rendered, expected and intended to pay for the same at their reasonable value, and afterwards, on December 30, 1887, in consideration of the same gave and delivered to Mrs. Newcomb the check for one hundred dollars, in evidence herein, intending and expecting, either that it should be paid out of her funds at the bank, or that she herself would take it up or pay it, and that Mrs. Newcomb received said check, in consideration of said services, then they are instructed that said check was given for value received, and was not a gift, and their verdict must be for the plaintiff, even though they further find from the evidence, that plaintiff (having) held said check, under such circumstances, for more than two months and after Mrs. Shoemaker's death."

The first error assigned, that there is no evidence to support the verdict, must be ruled against the defendant. Every check is *prima facie* presumed to have been given for value received. *Morrison v. McCartney*, 30 Mo. 188; 2 Dan. Neg. Inst., sec. 1646. The execution of the check being proved, the plaintiff made out a *prima*

*facie* case. But the second assignment is clearly well taken. The statement made by the plaintiff in her letter, that the check was given her as a present, was not conclusive evidence against her, since there are no elements of estoppel in the case. On the other hand the plaintiff's admission that the check was a present, and other expressions used in the letter furnished were persuasive evidence, that the check was a mere gift and unsupported by any valuable consideration, just as the check itself furnished presumptive evidence that it was given for value. It was for the jury to weigh the presumption against the admission, but it was not for the court to aid the presumption by referring the jury to conjectural facts, of which there was no evidence in the case. *Now* we can see *no* evidence in the record that Mrs. Shoemaker expected to pay for the services, if any, which the plaintiff rendered to her, much less that those services were of the reasonable value of one hundred dollars, or of any reasonable value. The check at best was evidence of the fact that it was given for the value of one hundred dollars, but not of the fact that such value consisted of personal services, or any other specific consideration.

The courts in this state have so frequently decided that instructions must be based upon the evidence, that a mere reference to the proposition is deemed sufficient.

For error in these instructions, the judgment is reversed, and the cause remanded. All the judges concur.