PETER WILBURN, Respondent, v. THE ST. LOUIS, IRON
MOUNTAIN & SOUTHERN RAILWAY
COMPANY, Appellant.

### St. Louis Court of Appeals, February 16, 1892.

1. **Practice, Appellate:** WEIGHING THE EVIDENCE. This court can
   only interfere with a verdict in an action at law on the ground that
   it is against the weight of the evidence, when it is convinced that
   the verdict is opposed to all reasonable probabilities. And *held,*
   that such interference was not warranted in a cause at bar, though
   it appeared that the verdict was against the weight of the evidence,
   and that the plaintiff's theory and testimony at the trial were not
   in consonance with admissions made by him in writing shortly
   after the happening of the injury sued for, but not amounting to
   an estoppel.

2. **Railroads:** DIRECTION TO PASSENGER TO ALIGHT FROM MOVING
   TRAIN. An order or direction from a trainman to a passenger to
   alight from a moving train does not necessarily constitute negli-
   gence; whether it is so will depend upon attending circumstances.

3. ———: ———: INSTRUCTIONS. When the attending circumstances
   are not such as to render the inference of negligence unavoidable, the
   question of negligence is one of fact, and must be left to the deter-
   mination of the jury; and in such case an instruction that the jury
   should consider all the circumstances in evidence in the determina-
   tion of the issue is proper.

4. **Practice, Appellate:** IMPROPER REMARKS OF COUNSEL IN ADDRESS
   TO JURY. While the court is not inclined to disturb a judgment for
   improper remarks of counsel to the jury, it will, nevertheless, do so,
   when an attorney has deliberately argued on matters outside of the
   record, and has persisted in doing it after repeated objections by
   opposing counsel, and in the face of admonitions by the trial court,
   and especially when the verdict is against the weight of the evi-
   dence.

*Appeal from the St. Francois Circuit Court.*—HON.
JAMES D. FOX, Judge.

REVERSED AND REMANDED.

*H. S. Priest* and *Martin S. Clardy*, for appellant.

*Taylor & Smith* and *J. J. Brady*, for respondent.

BIGGS, J.—This is the second time this case has been before us. *Wilburn v. Railroad*, 36 Mo. App. 203. We reversed the judgment on the first appeal on account of errors in the instructions. Upon a retrial before a jury the plaintiff again had a judgment, and the defendant has again appealed.

The assignments of error on this appeal may be condensed into three : *First*. The evidence was not sufficient to authorize the verdict of the jury. *Second*. The plaintiff's instructions are faulty. *Third*. The court erred in refusing to grant a new trial on account of improper remarks and conduct by the plaintiff's counsel during the argument of the case. We will consider the assignments in the order stated.

I. The theory of the defense is, that the plaintiff was not a passenger, but that at the time he was injured he was stealing a ride on the train from St. Louis to Mineral Point, and that he either jumped from the train, or accidentally fell from it, and was injured. It is contended that the defendant's evidence in support of this view is so satisfactory, and that the plaintiff's evidence is such a tangle of contradictions and inconsistencies that the court ought to have directed a finding for the defendant. We must confess that the evidence as presented in the printed abstract would not have lead us, had we been the triers of the fact, to a conclusion favorable to the plaintiff. But in the exercise of appellate jurisdiction we can only interfere with the result reached, if convinced that the verdict is opposed to all reasonable probabilities. *Mauerman v. Railroad*, 41 Mo. App. 348.

The plaintiff testified that he bought a ticket over the defendant's road from St. Louis to Mineral Point;

that, after buying the ticket, he concluded to get off at a coal chute on the line of the defendant's road about one half mile north of defendant's depot at De Soto; that, when the conductor took up his ticket, he (the conductor) in answer to an inquiry informed him that he could get off at the chute; that he went to sleep, and, when the train arrived at the coal chute, one of the trainmen, either the conductor or brakeman, informed him that that was the place for him to get off; that he followed the trainman to the platform, and that, when he expressed some fear about attempting to get off while the train was in motion, the trainman told him to get off, that there was no danger. As to the purchase of the ticket the plaintiff was corroborated by one or two witnesses, but their statements were somewhat discredited by the cross-examinations. The plaintiff also produced a witness, who swore that he saw the conductor take up the plaintiff's ticket.

Opposed to this testimony the defendant introduced several witnesses, who testified that, prior to the institution of the suit, the plaintiff told them that he bought no ticket, and that this was the reason that he did not sue the company. The conductor of the train testified that he had only two passengers from St. Louis to Mineral Point, and that they were both ladies; that he had no recollection of seeing the plaintiff on the train; that he ran the express train, which did not stop at the coal chute; that he did not promise the plaintiff, or anyone else, to stop at the chute, and that in point of fact the train did not stop there. The testimony of the brakeman was not introduced. The defendant also read in evidence a letter from the plaintiff, in which he undertook to detail the circumstances under which he was hurt. We copy the following extract: "I was coming to DeSoto, and I had not Ben there before and when the train stopped at the coal soot I asked the conductor if that was DeSoto and he said yes and jumped up and ran out and when I got out why the train was startid and

so i steped down on the steps to See if I would see the platform and I mist the step and fell and the train struck me on the shoulder and throad my feet under the wheals and cut boath of them of and I cant work nor do nothing for a living and I think it would be noting more than right that you should pay me and I think you will think so to, if you will just give me $750 by 21 December, I will be perfectly satisfied, please help me for I am in distress. God will reward you."

When the evidence is conflicting, and the determination of facts is made to depend largely upon the credibility of the witnesses, the case must go to the jury. *Frick v. Railroad*, 75 Mo. 609. Under this rule the question, whether the defendant was a passenger on the train or a mere trespasser, was properly submitted to the jury, and their finding on that issue cannot be disturbed by us. The statements or admissions made by the plaintiff in the letter concerning the circumstances under which he received the injuries cannot be reconciled with his testimony on the trial. But, since there are no elements of estoppel in the case, the admissions in the letter were not conclusive against him. *Newcomb v. Jones*, 37 Mo. App. 475.

The plaintiff received his injuries in 1881, and this letter was written some time thereafter, the exact date not appearing. It would seem to us that a proper consideration of the plaintiff's statements on the trial, and the admissions found in the letter ought to lead to the conclusion, that the admissions were entitled to the greater weight, as the letter was written at a time when the facts were necessarily much fresher in plaintiff's mind. Again, it is also out of the usual course of business for an express train to stop at a coal station for the purpose of letting passengers on or off, and that a conductor of such a train would consent to do so at the request of one passenger who had purchased a ticket for another station, especially when the depot at De Soto was only one-half mile distant must be treated

as quite unusual, to say the least of it. However, these were questions of fact bearing on the main issue to be tried, and we are not prepared to say that they so far discredited the plaintiff's case, as to force us to the conclusion that the verdict was the result of prejudice or mistake. We will have to rule the first, second and third assignments against the defendant.

II.   The plaintiff's first and third instructions read :  " 1.   The court instructs the jury that, if they believe and find from the testimony in this case that plaintiff, in the month of August, 1881, bought a ticket from defendant at Taylor Street station, in the southern part of the city of St. Louis, authorizing him to ride as a passenger on defendant's train from said Taylor Street station to Mineral Point, in Washington county, Missouri, and that he took passage on defendant's cars, and the conductor aforesaid, at the request of plaintiff to stop over-night at the coal chute near De Soto, agreed or consented that plaintiff might do so, and, when said train was at or near said coal chute, the conductor or brakeman informed plaintiff that that was his place to get off, and while said train was moving directed plaintiff to get off, that he would not get hurt ; and should further find from the evidence that said conductor or brakeman, in directing the plaintiff to get off said car should they find that he was so directed by said conductor or brakeman, *was under the circumstances* guilty of negligence and a want of reasonable care in directing the plaintiff to get of said car, and should further find that plaintiff, in obedience to the said conductor or brakeman, undertook to jump or get off of said car, in doing so received the injuries complained of ; and should further find that said conductor or brakeman was guilty of negligence or carelessness in directing the plaintiff to jump off or get off of said train *under the circumstances herein set out,* and that such negligence and carelessness was the direct and proximate cause of said injury, and should further find

that the plaintiff himself was, at the time he got off of said train, in the exercise of ordinary care and prudence, and was not guilty of any negligence contributing to his said injury, then and in that event they will find for the plaintiff, and assess his damages at such sum as they may think he is entitled to, not to exceed the amount of $10,000, the sum claimed in his petition."

"3. The court further instructs the jury that the ordinary care required by the law to be exercised by the defendant toward passengers on its trains must be a reasonable care, such as would be exercised by a person of reasonable care and prudence under similar circumstances, and not such fanciful or imaginary care, which, after the accident, may be imagined or supposed, either by the jury or others to have been possible."

It is urged that the facts stated in the first instruction, if true, do not make out a case of negligence, and further that the instruction should have told the jury what facts, if proved, would constitute negligence. This latter objection refers to that portion of the first instruction in italics. It is true that the facts, which are hypothetically stated in the instruction, would not necessarily establish a case of negligence. This was the vice contained in the plaintiff's instructions on the first appeal. We can very well see that an order or direction by one of the trainmen to a passenger to alight from a moving train might, under the circumstances, be entirely proper. The question would depend upon the speed of the train, whether it was night or day, the situation of the ground, the presence of obstacles or other hindering causes, or any other circumstance affecting the risk. It is impossible to give a jury definite directions in such a case. The particular act in every such case must be characterized and judged by the jury in the light of the attending circumstances. Hence, a direction to consider the surrounding circumstances in determining the question of imputed negligence

cannot be objected to as too general. *Dlauhi v. Railroad*, 105 Mo. 645; *Wilkins v. Railroad*, 101 Mo. 93. If the act complained of involved the violation of a statutory duty ( *Goodman v. Railroad*, 75 Mo. 73), or if the inference of negligence would be unavoidable if the alleged facts were found to be true, then it would be the duty of the court to instruct that such facts, if found to exist, constituted negligence. *Zimmerman v. Railroad*, 71 Mo. 476; *Yarnall v. Railroad*, 75 Mo. 575. But when the inferences to be drawn either from disputed or conceded facts are doubtful, the question of negligence becomes one of fact *only* and must be left to the jury. We, therefore, conclude that the defendant's objections to the first instruction are not well taken.

We are also of the opinion that the objection to the third instruction is untenable. We understand this objection to be that the court failed to sufficiently define the term "reasonable care" as used in the instruction. The jury was told that it was the duty of the defendant to exercise toward the plaintiff as its passenger "reasonable care," that is, "such care as a prudent person would exercise under similar circumstances." It is very difficult to find room for this complaint, when the law of this state requires carriers of passengers to exercise the strictest vigilance in protecting their passengers from harm, and they are required to use every precaution which human care and foresight can reasonably suggest in order to safely carry and put down their passengers at their respective places of destination. *Wyatt v. Railroad*, 55 Mo. 485.

III. The third assignment of error must be sustained. We think that the trial court committed error in refusing to grant a new trial on account of improper remarks of plaintiff's counsel in his argument of the case to the jury. We are not inclined to disturb judgments for such errors. Where it appears that the line has been overstepped through inadvertence, and the proper rebuke has been administered by the court,

it has been the uniform practice of appellate courts to disregard such errors. But when counsel has *deliberately* argued outside of the record, and has persisted in doing so after repeated objections by opposing counsel, and in the face of more than one admonition by the court, a different case is presented. The following colloquy took place during the argument of Mr. Brady, one of the plaintiff's attorneys. Mr. Brady said: "This boy was clamoring for his compensation. This boy had been persistently writing to them to comply with their promises to compensate him for the loss of his legs.

"Mr. Clardy: We object and except to the remarks.

"Mr. Brady: They introduce here a letter in which the plaintiff recites that he had written that. He was asking for that road—that road that can earn in one hour all we ask—

"Mr. Clardy: We object to the remarks, and except.

"Mr. Brady: I don't know how many minutes it will take them to earn $10,000, but it is a mere bagatelle to this road.

"Mr. Clardy: I except to the remark.

"The Court: Keep within the record.

"Mr. Brady: Well, gentlemen, you know yourselves from what you·read daily (*sic*) have a right to use your information. If that road can earn $10,000 in ten minutes, and you know it, it is a fact you can act upon, just as you can the fact that you look out there and see it is light now or dark. What you know you can act upon.

"Mr. Clardy: I object to that.

"The Court: Keep within the record. You are going out of the record, and committing error right along.

"Mr. Brady: I propose not to assert how many minutes it requires that road to earn $10,000, but I

propose to say to them, if they know that, they can act upon what they know.

"Mr. Clardy : I object and except to the remarks.

"The Court: Gentlemen of the jury, you will not take into consideration those statements ; they will be excluded from your consideration.

"Mr. Brady : I propose not to assert how long a time it requires that company to earn $10,000.

"The Court: That line of argument is not proper, and I have so decided."

That this line of argument was highly improper and prejudicial, cannot be a matter of dispute. It proceeded upon a very low plane, and suggested a recovery upon grounds, which, if followed, would be very discreditable to a court of justice. In the case of *Rudolph v. Lanwerlin*, 92 Ind. 34, a similar question was presented to the supreme court of Indiana. There the attorney, in his argument to the jury, persisted in stating very objectionable matter, although the trial judge had sustained the objection of the opposing counsel, and had reprimanded the attorney for going outside of the record. The supreme court said : "Here was a departure from the legitimate course of argument. The appellant, by his counsel, objected and stated a specific and sufficient ground of objection. The court sustained the objection and plainly showed the plaintiff's attorney how he was transcending his right in argument. Thereupon, the attorney, in the face of his adversary's objection, and against the admonition of the court, repeated and aggravated the offense.    *    *    *    It does not necessarily follow, because the court upon the trial did its duty, that there has been no available error. If there was an irregularity in the proceedings of the prevailing party, through the misconduct of his attorney in argument, by which the other party was prevented from having a fair trial, and such irregularity was not waived, but was objected to on the trial for good reasons stated at the time, and was assigned as a

cause in a motion for a new trial, the overruling of such motion is error for which the judgment may be reversed. Very many abuses in argument may be sufficiently corrected by the instructions of the court to the jury, and a large discretion as to the refusing of new trials because of such violations belongs to trial courts, and this court will not interfere because of an abuse in argument which was sufficiently counteracted by the action of the trial court in the premises; but it will interfere where, notwithstanding the efforts of the trial court to correct the abuse, the irregularity appears to be such as to prevent a fair trial, and the particular circumstances of each case will guide this court to its decision. In the case before us, if the first departure of counsel might have been rendered harmless, the second outbreak could not have been inadvertent, but was without any excuse, and it can only be regarded as a purposed violation of the admonition of the court, and an attempt to gain an advantage in a court of justice by a known wrong." The same court (*The School Town. of Rochester*, 100 Ind. 268 ) subsequently held, where the plaintiff's attorney persisted in stating objectionable matter to the jury, that the error was not cured by the court's instructions to the jury to disregard the statements.

The reasoning of the court in the foregoing cases commends itself to us as just, and the rule adopted as necessary to a proper administration of the law, and we are disposed to apply it in the case before us. If the judgment were clearly for the right party, we would be justified in affirming it on the ground that it was not likely that the remarks of counsel were prejudicial. But the evidence is such, as we have shown, that we are forced to a contrary conclusion.

Complaint is also made of the action of another one of the plaintiff's counsel, who undertook to tell the jury in the closing argument that the law required the admissions of parties to be received with great caution.

The law as applicable to verbal admissions was correctly stated, but in the present case there were admissions contained in a letter to which the rule stated would not apply. We will only say that the statute contemplates that juries should receive the law from the court in the nature of written instructions, and it is much safer to follow that course. *Dean v. Chandler*, 44 Mo. App. 338.

For the reasons stated, the judgment will be reversed and the cause remanded. All the judges concurring, it is so ordered.