R. A. HUGHLETT, Respondent, v. THE OZARK LUMBER COMPANY, Appellant.

St. Louis Court of Appeals, February 14, 1893.

1. **Negligence:** INSTRUCTIONS. A machine was suddenly and without warning set in motion by the foreman in charge of it, while a servant was under his direction engaged in oiling it, and, therefore, not in a position to observe his action. In a suit by the servant for damages for personal injuries occasioned thereby, an instruction authorized a recovery if the jury believed that the foreman was careless and negligent in setting the machine in motion at the time and under the circumstances surrounding him, and the injuries sued for were caused thereby. *Held*, that this instruction was sufficiently definite in its statement of the act of the negligence, and that it was not necessary to set forth therein the circumstances thus referred to.

2. **Practice, Appellate:** CONFLICT IN INSTRUCTIONS: ERROR IN FAVOR OF APPELLANT. An appellant is not entitled to complain of a conflict in instructions, resulting from the fact that those given at his own instance are too favorable to him.

*Appeal from the Howell Circuit Court.*—HON. W. N. EVANS, Judge.

AFFIRMED.

*Orchard & Seay* and *Olden & Orr,* for appellant.

Defendant's demurrer to the evidence, given on the part of the plaintiff, should have been sustained: There was no evidence of negligence on the part of defendant, or its foreman. *Hudson v. Railroad,* 101 Mo. 13; *Tabor v. Railroad,* 93 Mo. 798; *Railroad v. Kellog,* 94 U. S. 469–475; *Hoag v. Railroad,* 85 Pa. St. 293; 2 Thompson on Negligence, sec. 2, pp. 1083, 1085, note; *Turnpike Co. v. Sears,* 7 Conn. 86; Shearman & Redfield on Negligence, sec. 739; *Phillips v. Dickenson,* 85 Ill.; Mayne on Damages, 15; *Henry v. Railroad,* 50 Cal. 183; Patterson on Railway Accident Law, 11–14; Bishop's Non-Contract Law, sec. 43; Cooley on Torts, 69–71; *Campbell v. Stillwater,* 50 Am. Rep. 567, and note with numerous cases; *Railroad v. Taylor,* 104 Pa. St. 306; *Scheffer v. Railroad,* 105 U. S. 249; Patterson's Railway Accident Law, 175; *Lane v. Atlanta Works,* 111 Mass. 136; *Hill v. Winsor,* 118 Mass. 251; *Railroad v. Muthersbaugh,* 71 Ill. 572. The evidence disclosed such negligence on the part of the plaintiff as should preclude a recovery. *Hudson v. Railroad,* 101 Mo. 13; *Washington v. Railroad,* 46 Mo. App. 171; *Dutze v. Geizel,* 23 Mo. App. 683; *Taylor v. Railroad,* 86 Mo. 463; *Stillson v. Railroad,* 67 Mo. 617; *Lewis v. Railroad,* 38 Md. 588; *Railroad v. Dewey,* 26 Ill. 255; *Railroad v. Pinchin,* 112 Ind. 592; *Smith v. Railroad,* 55 Iowa, 33; *Railroad v. Copeland,* 61 Ala. 376; 2 Rorer on Railroads, pp. 1054, 1055; 1 Shearman & Redfield on Negligence. [4 Ed.] secs. 56, 112; Patterson's Railway Accident Law, sec. 53; *Railroad v. Henderson,*

43 Pa. St. 449. The act of Kindig, the foreman, while engaged in the manual work, was, in law, the act of a fellow-servant. 24 Am. Law Review, 175; Beach on Contributory Negligence, secs. 110, 115; Wood on Master & Servant, secs. 436, 437, note; 2 Thompson on Negligence, p. 1028; Bishop's Non-Contract Law, secs. 658–664, 667; Wharton on Negligence, sec. 229; McKinney on Fellow-Servants, secs. 23, 24, with cases collected in note; 7 American & English Encyclopedia of Law, p. 834, and note; *Moore v. Railroad*, 85 Mo. 596; *Miller v. Railroad*, 19 S. W. Rep.(Mo.) 59; *Hoke v. Railroad*, 88 Mo. 371; *Sherrin v. Railroad*, 103 Mo. 378; *Stephens v. Railroad*, 86 Mo. 229; *Dutze v. Geisel*, 23 Mo. App. 683; *Hope v. Railroad*, 11 Mo. App. 581; *Railroad v. Davis*, 92 Ala. 300 (citing a large number of cases that state to the same effect); *Car Co. v. Parker*, 100 Ind. 181; *Buck v. Railroad*, 98 N. Y. 211; *Doughty v. Penobscot Co.*, 76 Me. 143; *Hawthorne v. State*, 57 Ind. 287; *Flike v. Railroad*, 53 N. Y. 553.

*A. H. Livingston* and *J. H. Winningham*, for respondent.

BIGGS, J.—In 1889 the defendant corporation was operating a sawmill in Shannon county. In September of that year plaintiff was hired by the defendant to work about the mill, and on the day he received the injuries hereinafter mentioned he was, under the orders of defendant's foreman, engaged in running a planing machine in the capacity of a "feeder." A planer, as we understand it, is a machine for dressing lumber. It is described as about three feet high, with wheels, pulleys and bands on either side. On one side are the bands and pulleys that run the cylinder, and on the other are the bands and pulleys that run the other portions of the machine. While the plaintiff was engaged

in oiling the machine on the side where the cylinder band was, the machine, which was not running at the time, was suddenly started up by the defendant's foreman putting the band on the wheel or pulley on the opposite side. The plaintiff's hand was caught and crushed in the wheels. He claims that the act of the foreman or manager was negligent; that it was the proximate cause of the injury, and that the defendant must respond to him in damages therefor. The petition states the manner of the injury and the negligent act as follows: "That on said day defendant's said foreman directed plaintiff to oil said planer, which, at the time, was not in motion, and that, while plaintiff was in the act of oiling said machinery as aforesaid, and while he had his hand in such machinery, performing such duty, the defendant's said foreman negligently, carelessly and recklessly threw the belt on said planer thereby setting the same in quick and rapid motion; that, in consequence of such negligent, careless and reckless act of defendant's said foreman, plaintiff's right hand was caught in said machinery, and cut off, thereby crippling him," etc.

The answer tendered the general issue. In addition it averred contributory negligence; that, at the time the plaintiff was injured, he was acting outside of his line of duty; that the act of defendant's foreman in placing the belt on the pulley was that of a fellow-servant, and not that of a foreman; and that the proximate or direct cause was the act of another fellow-servant in starting the cylinder.

The trial resulted in a verdict and judgment for $2,000, from which judgment defendant has prosecuted this appeal.

The defendant claims that the evidence was not sufficient to carry the case to the jury, and that its instruction of nonsuit ought to have been given.

What we shall have to say in disposing of this assignment will settle other questions presented and argued in the briefs.

The plaintiff and one McClannahan were the only witnesses. Defendant introduced no evidence. The circumstances under which the plaintiff was injured, as his uncontradicted evidence tends to show, were these: The belt that ran the machinery of the planer broke, and the plaintiff took it to the repair room, and gave it to one Kindig, who was shown to be the general superintendent or foreman at the mill, and whose duty it was to direct the hands, and keep the machinery in repair. After delivering the belt to Kindig, the plaintiff went back to the planer and commenced to oil the machinery. He had oiled all of the wheels except one, which was so situated that he was compelled to put his hand through the spokes of the wheel to remove and replace the stopper of the oil tube. While he was engaged in oiling this wheel, Kindig came from the repair room with another belt, and, without any warning to the plaintiff, he placed the belt on the wheels or pulleys, and started the machinery in motion just at the moment the plaintiff put his hand between the spokes of the wheel to replace the stopper in the oil tube. The plaintiff did not know that Kindig had come from the repair room, and had no idea that the machine was about to be started by anyone. He was stooping over and had his head down; otherwise he could and would have seen Kindig when he put on the belt. The evidence is very clear that Kindig could have seen the plaintiff when he came from the repair room to the planer, or from the opposite side of the planer, if he had only looked. There was also some evidence that just before the plaintiff was hurt William Vance, who was bearing off lumber from the planer, started the

cylinder, but the evidence tended to show that this in no way interfered with the oiling of the machine.

The evidence is ample to show that the act of Kindig in starting the machine was, under the circumstances of the case, an act of negligence as to the plaintiff. Therefore, the demurrer to the evidence was properly overruled, unless the court should have declared, as a matter of law, either that the plaintiff was guilty of contributory negligence, or that at the time of the injury he was not engaged in his master's business, or that the act of Kindig in starting the machine was that of a fellow-servant and not that of a vice-principal, or that the proximate cause of the injury was the act of Vance in starting the cylinder.

On the question of contributory negligence the evidence was not sufficient even to authorize its submission to the jury. The plaintiff was oiling the machine, as he had been ordered to do, and in the usual if not in the only way in which it could be done. He was not aware that Kindig had come with another belt; had no warning or intimation of any kind that Kindig was about to put the machinery in motion; and, on account of his stooping position, and having his attention drawn to his own work, he did not see Kindig when he came into the room, or when he put the belt on the wheel. The fact that Vance started the cylinder proves nothing as to this issue. The starting of the cylinder in nowise interfered with the oiling of the wheel, and was of itself no warning to the plaintiff that the other machinery was about to be put in motion.

As to the second proposition, the evidence was that Kindig had ordered the plaintiff to take charge of the planer, and had instructed him to oil it four or five times each day. Therefore, it is useless to argue that the plaintiff, at the time he was injured, was acting outside of the line of his duty.

The next ground of nonsuit has for its foundation the principle, which some of the authorities have recognized and applied, that a vice-principal may occupy a dual position, that is, he may as to one act be the representative of the master, and as to another act he may occupy the position of a fellow-servant. This question we need not decide, as it can have no application under the facts in this case. Among the personal duties that the defendant owed to the plaintiff, it was bound to furnish machinery that was reasonably safe, and to keep it in repair. The responsibility for the careful discharge of these personal duties the defendant could not shift to other shoulders. The evidence shows that Kindig was intrusted with the responsibility of looking after the machinery at the mill and keeping it in proper repair. In the discharge of this latter duty Kindig was negligent. · No other view is admissible, because of the necessary implication that Kindig could not fully perform the duty without ascertaining that the new belt was of the proper length. This could only be done by an actual test.

The act of Kindig in starting the machinery to going must be regarded as the proximate cause of the injury, and what is meant by proximate cause is the natural and probable consequence of the act in the light of attending circumstances. The fact that Vance started the cylinder offers no excuse or justification for the negligent act of Kindig. Ordinary care and prudence required him to look and ascertain whether any person was in a position to be injured by the act. We, therefore, conclude that the court did right in refusing to direct a nonsuit.

The instructions given by the court at the instance of the plaintiff are as follows: "1. The court instructs the jury that, if they believe from the evidence that Andy Kindig was foreman or superintend-

ent of defendant's planing mill at Winona, Shannon county, Missouri, at the time of the injury to the plaintiff, and that said Kindig had full power and authority to direct the movement and the work of the hands therein employed, and repair and superintend and direct the work of the machinery, then he stood in the place of the defendant, and the defendant is responsible for his negligent acts while acting in such capacity. And, if the jury further believe from the evidence that said Kindig was careless and negligent in setting the planer machinery in question in motion at the time and under the circumstances surrounding him as such foreman of defendant, and that plaintiff's injury was caused thereby, then you should find the issues for the plaintiff, and assess his damages at any sum you may believe from the evidence he is entitled to, not exceeding $10,000.

"2.   That, although the jury might believe from the evidence that said Kindig was, at the time of the injury to plaintiff, performing a duty, or a part of the work, that belonged to servants or employes under him at the time of the injury, yet, if you further believe that he was defendant's foreman or superintendent, and had power to direct or control such work, then he was not a fellow-servant with plaintiff, and the defendant would not be exempt from liability on the ground that he was a fellow-servant with the plaintiff.

"3.   That it was the duty of defendant's said foreman, in handling such machinery, to use reasonaable care and caution in the use of same to avoid injury to any parties working in or about such machinery.

"4.   That, although the jury might believe from the evidence that the plaintiff was guilty of negligence in oiling the machinery which contributed remotely to the injury, yet, if they further believe from the evi-

dence that defendant's said foreman was guilty of carelessness in setting said machinery in motion, which carelessness was the immediate cause of plaintiff's injury, and, with the exercise of ordinary prudence and care on the part of defendant's said foreman, the injury to the plaintiff might have been avoided, then the defendant is liable, and the jury shall so find.

"5. The court instructs the jury that, if they find for the plaintiff, they will assess his damages at such an amount as, in your judgment, will compensate him for the pain and suffering he sustained by reason of his injury, together with such a sum as will compensate him for the permanent injury they will find he has sustained by reason of the loss of his hand, not exceeding in all the sum of $10,000."

The instructions asked by the defendant and given by the court read: "7. The court instructs the jury that, when plaintiff entered the service of defendant, he took upon himself all the ordinary perils and risks incident to that service, and Kindig, while engaged in the discharge of his duties, had the right to presume that plaintiff would exercise reasonable prudence and care for his own protection, and did not owe him the same duty as it did to a stranger who might be there, or a child of tender years, but only owed the duty to not wantonly and intentionally do him an injury after discovering the perilous condition of plaintiff.

"8. The court instructs the jury that actionable negligence consists in the breach or non-performance of some duty which the party, charged with the negligent act or omission, owed to the one suffering loss or damage thereby, and in this case the only duty Kindig owed to the plaintiff was not to injure him after he (Kindig) discovered his perilous condition. And, if you find that the act of plaintiff in putting his hand between the spokes of the wheel was so near the same

moment of time that Kindig while stooping down in a position where he could not see plaintiff, and while in this position Kindig threw on the belt and started the planer, then Kindig was guilty of no negligence, and the plaintiff cannot recover.

"9. If the usual. manner of starting the planer was by first setting in motion the cylinder, and then throwing on the feed belt, and the planer was so started on this occasion, then, if between the time of setting in motion of the cylinder and shifting the belt to start the remainder, plaintiff attempted to put the stopper into the oil cup of one of the wheels, which would necessarily be started when the belt was shifted, by putting his hand between the spokes of the wheel, and was thereby caught and injured, such act on his part was such negligence as will preclude a recovery herein, if you also find that Kindig was on the opposite side of the planer, and in a stooping position while putting on said belt, so that he could not see plaintiff's perilous situation in time to prevent the injury.

"10. The plaintiff cannot recover for any negligence on the part of William Vance, he being at the time acting as a fellow-servant of plaintiff, and the negligence of a fellow-servant being among the risks and hazards which plaintiff on entering defendant's employ assumed.

"11. If you find from the evidence that it was no part of Kindig's duty to start said planer, but that it was the duty of plaintiff to do so, then plaintiff cannot recover for an act of Kindig's done outside of the line of his duty.

"12. Where there is not sufficient time for one party to become aware of the negligence of the other, and the injury is occasioned by the concurrent co-operating negligence of both, no recovery can be had.

"13. A servant is bound to see for himself such risks and hazards as are patent to observation, and is bound to exercise his own skill and judgment in a measure, and cannot blindly rely upon the skill and care of another, and, where the defect is obvious, if he puts himself in a position to be injured through it, the fault and the consequence are his own."

The plaintiff's first instruction is not subject to the objections urged against it. It does not assume any fact. Neither is it too general in its terms. It states with reasonable certainty the act of negligence charged. *Gurley v. Railroad,* 93 Mo. 445. Whether such acts amounted to negligence had to be determined by the jury in the light of the attending circumstances. But it was not necessary for the instruction to state the circumstances. *Wilkins v. Railroad,* 101 Mo. 93; *Wilburn v. Railroad,* 48 Mo. App. 224.

The plaintiff's second instruction was unnecessary. As we have attempted to show, the act of Kindig in putting on the belt was that of a vice-principal, and not the act of a fellow-servant.

The only error in the fourth instruction is that it tacitly concedes that there was some evidence that the plaintiff was guilty of negligence in oiling the machine. We have read the evidence carefully, and can find nothing which would authorize the inference that plaintiff acted negligently either in the manner of oiling the planer or as to the time selected for the work. The objections made to the other instructions are without merit, and we will overrule them.

It will not be necessary to set forth the defendant's instructions, which the court refused. They presented the special defenses relied on which we have heretofore discussed. The defendant's instructions which were given were more favorable than either the law or the facts

warranted. It is useless to point out the errors, as the result would not be changed. If there is, as contended, a conflict between these instructions and those given for plaintiff, it is attributable to the errors in the defendant's own instructions. Therefore, it has no ground for complaint.

We have gone through this record, and noted the various points made in the elaborate brief filed by defendant's counsel, and have concluded that the case has been fairly tried, and that this appeal is without merit. As the plaintiff has asked for an affirmance with damages, the judgment of the circuit court will be affirmed with five per cent. damages. All the judges concur.