McLENNON, Respondent, v. SIEBEL, Jr., Appellant.

### St. Louis Court of Appeals, January 12, 1909.

CONTRACTS: Breach of Contract: Misrepresentations. Where a subcontractor made a contract with the original contractor to furnish the plumbing work for a building to be erected by the latter and at the time of entering the contract the original contractor stated in answer to a question of the subcontractor that a certain party owned the property while in fact it was owned by other parties, this misstatement did not justify the subcontractor in refusing to carry out his contract, where there was nothing to show that he was induced by the statement to enter the contract, or that he had a right to rely on it, or that the party mentioned by the original contractor as the owner did not occupy the relation of agent or trustee for the actual owner.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse A. McDonald,* Judge.

AFFIRMED.

*Jones H. Parker* and *Frank Y. Gladney* for appellant.

The misrepresentation by the respondent (whether innocent or fraudulent) was of a then existing, material fact which pertained to the subject-matter of the contract. There was no meeting of the minds of the parties. To constitute a binding contract the minds of the parties must assent to the same thing in the same sense. Green v. Cole, 103 Mo. 76; Nordyke v. Kehlor, 155 Mo. 654; Perkins v. School District, 99 Mo. App. 487; Ice Co. v. Potter, 123 Mass. 28; Stone v. Lane, 66 Minn. 94; Harriman on Contracts (2 Ed.), sec. 151.

*E. N. Robinson* for respondent.

The court did not err in finding for plaintiff upon the agreed statement of facts. Under the facts submitted, upon which the court was asked to make a finding, the judgment should be for plaintiff, and the action of the lower court should be affirmed. Wood v. Evans, 43 Mo. App. 230; Powell v. Adams, 98 Mo. 598; Greyones v. Saunders, 93 U. S. 55; Voorhis v. Manufacturing Works, 11 Mo. App. 108; Davis v. Insurance Co., 81 Mo. App. 264; Dunn v. White, 63 Mo. 181.

GOODE, J.—The parties submitted this cause on the following agreement concerning the facts:

"Now on this ninth day of July, 1907, come the plaintiff and defendant in the above-entitled cause, through their respective attorneys and for the purposes of this suit submit to the court the following statement of the facts upon which the court is asked to make a finding in this cause, to-wit:

"On or about the sixth day of October, 1905, plaintiff having a contract with a Mrs. Thompson to erect a building upon a lot or parcel of ground on the northwest corner of Cabanne and Hamilton avenues, requested defendant to submit a bid to him, plaintiff, to do

certain plumbing work in and upon said building in accordance with the plans and specifications governing the erection of said building. It is agreed that the title and ownership to said lot or parcel of ground was on said sixth day of October and for several years prior thereto, in the name of K. and C. Rupert, and so appeared of record and is now in their names; it is further agreed that defendant asked plaintiff before submitting the bid to do said plumbing, who owned said property, and plaintiff replied, 'Mrs. Thompson.' On said sixth day of October, 1905, plaintiff and defendant entered a binding contract to do the plumbing work on said building for which plaintiff agreed to pay defendant $609. Thereafter defendant, upon examination of the records, discovered that the record title and ownership to said property was in the Ruperts. Defendant thereupon refused to perform or carry out his said contract with the plaintiff, assigning as a reason for his refusal that said property was not owned by the said Mrs. Thompson, as represented by the plaintiffs.

"It is agreed that plaintiff was thereupon compelled to relet said contract for said plumbing at an increased price over the amount of his contract with defendant.

"The question for the court to determine is, was the fact that said lot or parcel of ground, was not in the name of and owned by Mrs. Thompson under the circumstances of this case, a good and sufficient reason for defendant's refusing to carry out his said contract with plaintiff.

Appellant contends he had the right to refuse to go on with his contract, because it turned out Mrs. Thompson was not the owner of the property. In support of this position his counsel say the query propounded by appellant regarding the ownership of the lot, demonstrates he was contracting with an eye to the security afforded by the mechanic's lien statutes, as respondent must have known; and.if Mrs. Thompson was not the

owner, it would have been impossible for appellant to avail himself of the lien law, as liens are not allowed except when the work is done pursuant to a contract made with the owner, either by the person who does the work, or the person under whom he does it. A good deal more than appears in the agreed statement of facts is taken for granted in this argument. It is not agreed appellant relied on respondent's statement about who owned the lot, or that it was an inducing cause for him to enter into the contract, or that the circumstances considered, he had the right to rely on it, or that it was material. Perhaps inferences might be drawn in favor of the existence of these facts, all of which were needed to justify a rescission of the contract for the alleged misrepresentation. [14 Am. & Eng. Ency. Law (2 Ed.), 207; Dawe v. Morris, 149 Mass. 188; Bidalt v. Wales, 20 Mo. 546; Cresler v. Rees, 27 Neb. 151; Schwabacker v. Riddel, 99 Ill. 343.] A material misrepresentation, on the faith of which a party is induced to enter into a contract, if it be one which he might in reason accept as true, will be ground for rescission if it works an injury, and even though no fraud accompany the misstatement. [1 Wharton, Contracts, sec. 214; Yeader v. Hines, 24 Mo. App. 619.] But the agreed facts lie in too small an orbit to compel the inference of the existence of all the aforesaid conditions of the right to rescind or abandon the contract for misrepresentation. We must bear in mind it is not asserted the statement of respondent was introduced into the contract as an integral part of it—a term or stipulation the breach of which by respondent would justify appellant in an abandonment of his obligation. The contention is that the misstatement induced appellant to enter into the contract; and this being true, in order for him to be entitled, as a matter of course, to a verdict, he was bound to establish the essential condition on which the right to rescind depends. This he failed to do. For aught that was shown, his inquiry may have

been a casual one prompted by curiosity, though it might have been made, and probably was, with reference to the lien statute. But the agreed facts do not say so and the conclusion is not inevitable. Or the inquiry might have been made under circumstances which did not suggest to respondent that such importance attached to the answer as called for an ascertainment of the fact before answering, instead of answering according to respondent's impression or belief about the ownership. None of these hypotheses is excluded by the agreed facts. A mistaken statement occurring in the negotiation of a contract must be proved to have been material, if it is put forward as warranting rescission. [Wood v. Evans, 43 Mo. App. 230.] It does not follow of course, that appellant could have had no lien for his work if Mrs. Thompson was not the owner of the lot. Our statutes provide for a lien in favor of a mechanic, or any other person who performs work or furnishes material, "under or by virtue of a contract with the owner or principal thereof, or his agent, trustee, contractor or sub-contractor." [R. S. 1899, sec. 4203.] The agreed facts do not exclude the possibility of Mrs. Thompson occupying such a relation to the owner as agent, trustee or contractor that the engagement entered into by respondent with her to erect the building, would have been a contract to support a lien in favor of respondent as principal contractor or appellant as sub-contractor under him. In several aspects it is obvious the agreed facts fell short of compelling a finding in favor of appellant. Therefore the judgment will be affirmed. All concur.