ISAAC H. ERRISSMAN, Appellant, *v.* CYNTHIA E. ERRISSMAN, Appellee.

### APPEAL FROM MARION.

It is matter of discretion with the court, whether to allow or refuse the separation of witnesses during the trial of a cause.

If the allegations of an amended bill are denied by the answer, and no replication is filed, the amended bill is without an issue, and is not before the jury.

In a bill for a divorce, instead of directing that the defendant be perpetually enjoined from selling his property, and that he be imprisoned until he give bond and surety for the payment of alimony, the decree should make the alimony a lien upon realty, to be secured by mortgage; the sale to be enjoined until such mortgage is completed.

THE complainant below, Cynthia Errissman, filed a bill in the Jefferson Circuit Court, praying a divorce upon the ground of the extreme and repeated cruelty of her husband.

There was a change of venue to Marion county.

The bill alleged that the respondent, Isaac H. Errissman,

owned real and personal property, which it was prayed he might be enjoined from disposing of, and that it might be held as security for the payment of alimony.

A supplemental bill was filed by leave of the court, charging that the husband had been guilty of adultery.

An issue was made up on the original bill. To the supplemental bill an answer was filed, but no replication.

There was a trial before OMELVENEY, Judge, and a jury, at the August term, 1860, of the Marion Circuit Court; the issues were found for the complainant, and a divorce was granted. Alimony was allowed at the rate of two hundred dollars per annum, payable quarterly, so long as the complainant should remain unmarried. The defendant was ordered into custody until he should enter into a bond, in the sum of fifteen hundred dollars, conditioned for the payment of alimony ; he was perpetually enjoined from disposing of his property, both real and personal. An appeal was granted.

The defendant below, before going into the trial, moved the court that the witnesses be examined separately, and out of the hearing of each other. This motion was overruled.

NELSON & PARTRIDGE, for Appellant.

TANNER & CASEY, for Appellee.

CATON, C. J. It was matter of discretion with the Circuit Court, whether the complainant's witnesses should be separated during their examination, and we will not inquire whether that discretion was judiciously exercised or not. Nor do we find sufficient in the cross-examination of the witness Baker to require us to reverse the decree on that account. Admitting that the court erred in refusing to allow the question which the defendant put to Baker, on cross-examination, to be answered, and it could not possibly have prejudiced the defendant. Baker's testimony was confined exclusively to the matter set up in the amended bill, every allegation of which was denied by the defendant's answer, to which there was not any replication. That left no issue upon the amended bill, and consequently it was not before the jury for trial. The only issue formed was upon the original bill, and only of the matters therein charged, did the jury, by their verdict, convict the defendant. We do not think the verdict of the jury should be set aside or disregarded because it was not supported by the testimony. The testimony was to a considerable extent conflicting, and much depended upon the credibility of several of the witnesses. In such a case particularly, we appreciate the propriety of depend-

ing much on the judgment of the jury. It would be an unprofitable waste of time to go into a critical examination of the testimony. It is sufficient that we state the conclusion at which we have arrived after a careful examination of the record.

Some portions of the decree are undoubtedly erroneous. Instead of perpetually enjoining the defendant from selling any of his personal or real estate, and also imprisoning him until he should give bond and personal security for the payment of the alimony decreed to the complainant, the decree should have made the alimony a lien upon the land, and for the purpose of better giving notice of the lien, it would have been very proper to have required the defendant to have given a mortgage upon the land for the security of the payment of the alimony, and only continued the injunction as to the land until such mortgage should have been executed, acknowledged and delivered, and so much of the decree as restrained the sale of the personal property was erroneous.

So much of the decree as made the injunction perpetual will be reversed, and the remainder of the decree will be affirmed, and a further decree will be entered in this court, making the alimony a lien upon the land mentioned in the decree, and requiring the defendant to execute a mortgage upon the lands mentioned in the decree, to the complainant, duly acknowledged and delivered to the clerk of this court for the first grand division, to secure the payment of the said alimony, and that the injunction be continued as to said lands until said mortgage shall be delivered to the said clerk, and approved by him, for the benefit of said complainant, and the injunction shall stand dissolved. Each of the parties will pay one-half of the costs of this appeal.

*Decree reversed in part.*