HENRY SCHWABACKER *et al.*

*v.*

ARCHIBALD RIDDLE.

*Filed at Ottawa June 20, 1881.*

1. DECEIT—*of the necessary elements.* In order to support an action for deceit, it must appear that the misrepresentation complained of was a mate-. rial one.

2. Nor will the action lie if the plaintiff has omitted to exercise ordinary care to guard against deception and fraud, except where he was led to do so by the other party.

3. The fraud and the *scienter* constitute the grounds of the action. A knowledge of the falsity of the representations must rest with the party making them, and he must use means to deceive.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Peoria county; the Hon. J. W. COCHRAN, Judge, presiding.

Mr. D. McCULLOCH, and Messrs. JAMES & JACK, for the appellants:

To constitute fraud and deceit in a sale, the representations must be knowingly false, and have relation to a material matter. It must have related to the fraud charged in the declaration; it must have been relied on; it must have been in relation to a matter in regard to which the party defrauded had a right to rely, and the party must have been in the exercise of reasonable prudence, and the fact must be such that in the exercise of such prudence he could not have discovered the truth. *Weatherford* v. *Fishback*, 3 Scam. 170; *McConnell* v. *Wilcox*, 1 id. 344.

A party is not guilty of fraud unless he *knowingly* misrepresents a fact with a *fraudulent intent*, and the fact misrepresented must be material, and one upon which the other party has a right to rely. *Sims* v. *Klein*, Breese, 302; *Walker* v.

344 SCHWABACKER *et al. v.* RIDDLE. [June

Brief for the Appellee. Opinion of the Court.

*Hough,* 59 Ill. 375; *Gage* v. *Lewis,* 68 id. 604; *Tone* v. *Wilson,* 81 id. 529; *Mitchell* v. *Deeds,* 49 id. 416; *St. Louis and Southeastern Railway Co.* v. *Rice,* 85 id. 406.

Before a purchaser can allege fraud upon his vendor, he must be free from fault himself. *Starr* v. *Bennett,* 5 Hill, 303; *Gordon* v. *Parmalee,* 2 Allen, 214; *Moore* v. *Turtelville,* 2 Bibb, 602; *Parley* v. *Freeman,* 2 Smith C. C. 55; *Brown* v. *Castles,* 11 Cush. 350; *Bell* v. *Byerson,* 11 Iowa, 234; 2 Addison on Torts, 1016.

Messrs. BARNES & MUIR, for the appellee:

It is not necessary that fraud should be proved by direct and positive evidence. It may be shown by circumstantial evidence, and great latitude is allowed in the admission of evidence to show it. Bigelow on Frauds, 476, 477; *Hopkins* v. *Sievert,* 58 Mo. 201; *Zebra* v. *Miller,* 16 Pa. 488; *Smalley* v. *Hale,* 37 Mo. 102.

Fraud and deceit in the defendant and damage to the plaintiff are sufficient for a cause of action. *Weatherford* v. *Fishback,* 3 Scam. 170; *Barney* v. *Dewey,* 13 Johns. 224; *Upton* v. *Vail,* 6 id. 181; 2 Hilliard on Torts, 137; *Eames* v. *Morgan,* 37 Ill. 260.

If a principal ratifies a fraud and retains the proceeds, he will be liable. Bigelow on Frauds, 366–368.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This was an action on the case, for deceit, brought by Archibald Riddle, against Henry and Jacob Schwabacker, Newman, Ullman and Fosbender. At the time the action was brought, Fosbender was not a resident of the State, and hence he has never been served with process.

The Schwabackers, Newman, Ullman and Fosbender were in partnership in the distillery business, in Sparland, Marshall county. Fosbender owned the distillery, and the other members of the firm furnished the capital to carry on the

business. In December, 1870, the firm was dissolved, and
Riddle succeeded appellants as a partner with Fosbender.
He claims that in the purchase of the partnership property
belonging to the old firm, he was cheated out of the sum of
$2677.09, by false and fraudulent representations made by
defendants, in regard to the amount the goods purchased
inventoried. On the other hand, appellants claim that they
had no contract with Riddle, and made no sale to him; that
they sold their interest in the partnership property to Fos-
bender, and that Riddle became a partner with Fosbender,
under a contract made between themselves.

On the questions of fact submitted to the jury a verdict
and judgment were rendered in favor of plaintiff, and that
judgment was affirmed in the Appellate Court.

Before the old firm sold out, an invoice was taken of all
property belonging to the firm, and it was invoiced, by three
persons selected for that purpose, at $11,593.07. It also ap-
pears that the firm was indebted to the First National Bank of
Peoria, in the sum of $14,270.07. Riddle claims that, under
the agreement, he was to take the firm property at the invoice
price, but when he and Fosbender closed up the transaction
and gave their notes, $2677.08 was added to the invoice by
the defendants, and they falsely and fraudulently represented
that $14,270.07 was the true amount of the goods, as shown
by the invoice. For the purpose of proving fraud on the
defendants, books containing entries after the sale had been
made were allowed to be read in evidence. These entries
were made under date of December 10, 1870, and were
entered up, as appears from the evidence of Hawthorn, the
book-keeper, by direction of Fosbender, in the absence of
appellants. The amount of highwines on hand when the
invoice was made was $1197.18. To this item was added
$2677.10, making the item appear to be $3874.28, when it
should only be $1197.18.

Had the appellants changed or directed a change in the
invoice, they would have been responsible for their acts, and

the books showing a change in the invoice would have been proper evidence; but they could not be bound by what Fosbender may have caused to be entered in the books in their absence, and without their direction. This entry was made after the partnership assets had been sold, and after appellants had left, and what Fosbender did or caused to be done to the invoice or books, after that time, could not be binding on appellants, in the absence of authority from them to him to act; and as none was shown, it was error to allow this evidence to go to the jury.

At the request of plaintiff, the court gave to the jury sixteen instructions, and the defendants excepted to the ruling of the court, and now claim that the most of those instructions are erroneous. Instruction No. 2 reads as follows:

" If a party misrepresent a fact within his own knowledge, to the injury of a third party, an action will lie for damages, if any, for such misrepresentation."

This instruction is liable to several serious objections. In the first place, a misrepresentation, to be actionable, must be a material one, or no action will lie. In the second place, in an action for deceit no recovery can be had unless the plaintiff himself exercised ordinary prudence to guard against the deception and fraud practiced upon him, unless he has been thrown off his guard by the other party. These two principles were entirely ignored by the instruction, and the jury, under this direction of the court, was at liberty to find against the defendants if they misrepresented any immaterial fact, however remote, and the plaintiff exercised no precaution whatever to guard against imposition. This is not a sound rule to be adopted, and as the instruction was calculated to mislead the jury, it ought not to have been given.

Instruction No. 5 was as follows:

"The acts and declarations of Fosbender, if any, are binding upon the Schwabackers and Newman and Ullman to the

extent it shall appear, from the evidence, he is to be regarded as acting as their agent. His acts and declarations, if any appear from the evidence to have been instigated or approved by them, will be binding on them."

If Fosbender had been authorized to transact any business for the Schwabackers, Newman and Ullman, the instruction might have been well enough; but the record contains no evidence that he was their agent. The contract out of which this litigation arose, is conclusive of the fact that no agency ever existed. When the contract was made, defendants acted for themselves, while Riddle and Fosbender were purchasing in their own behalf the partnership property. The defendants never procured Fosbender to negotiate any sale with Riddle. They knew nothing that occurred between Fosbender and Riddle prior to the day the trade was closed, and on the day the trade was closed Schwabacker and Newman acted as vendors of the partnership assets, while Fosbender and Riddle acted as purchasers. How any agency could arise out of this transaction it is difficult to perceive; but, notwithstanding this, the instruction was an invitation to the jury to enter upon a field of conjecture, without any proof to control their deliberations.

Instruction No. 13, given for the plaintiff, reads as follows:

" It is not necessary, in this case, that the plaintiff should show any prior conspiracy or combination between the defendants to defraud the plaintiff; it is enough if the evidence shows that a sale was made to Riddle, or Riddle and Fosbender, and that the agreed price was for the value of the property, as shown by a certain invoice, and that notes were to be taken for the amount, and that the defendants had notes drawn for $2677.09 more than the value of the property as shown by such invoice; and if the plaintiff, before signing the notes, asked if they were for the amount of the

invoice, and Fosbender said they were, in the presence and hearing of the other defendants, and if Riddle relied upon such statement in signing the notes, which was known to the defendants, then such conduct and representations would amount to a fraud in the other defendants, if they resulted in damages to the plaintiff."

Under this instruction, if the jury found the defendants had made a mistake in fixing the amount for which the notes were taken, they would be liable, although the most perfect fairness and honesty attended the transaction. We are aware of no authority which will sanction a recovery in an action for deceit, unless a false representation has been made knowingly, with intent to deceive. As said in *Weathford* v. *Fishback*, 3 Scam. 170: "The fraud and the *scienter* seem to constitute the grounds of the action. A knowledge of the falsity of the representations must rest with the party making them, and he must use means to deceive." *Walker* v. *Hough*, 59 Ill. 378; *Mitchell* v. *Deeds*, 49 id. 418; *Tone* v. *Wilson*, 81 id. 529.

Again, under this instruction a recovery may be had although the plaintiff was deceived from a total want of reasonable care on his part. At the time the notes were signed, as we understand the evidence of plaintiff himself, the invoice, which showed the correct amount of the goods, was present, and in the hands of one of the defendants. If that be true, and it could have been obtained and inspected by the plaintiff, and he failed and neglected to do so, but relied upon a statement made by Fosbender at the time, it was for the jury to determine whether, under the evidence, he had exercised proper diligence to guard against deception, and if he did not, he could not recover. But this principle was ignored in this and other instructions given for the plaintiff. Indeed, this principle is not stated, but seems to be ignored in all of the instructions given for the plaintiff. This last instruction, in our judgment, was calculated to mislead the jury. We are

satisfied the law which must govern the case was not given to the jury.

For the errors indicated, the judgment will be reversed and the cause remanded.

*Judgment reversed.*