KATHARINE J. KNIGHT

v.

GEO. W. GAULTNEY AND BENJ. McFARLAND.

*Fraud—Misrepresentations—Sale of Stock of Merchandise—Practice—When Court may Direct Verdict for the Defendant.*

1. When the evidence introduced, with all proper inferences to be drawn therefrom, is so insufficient to sustain a verdict for the plaintiff that the court would be compelled to set it aside if so returned, the court may properly instruct the jury to find for the defendant.

2. To render a misrepresentation fraudulent, it must be material and relied upon by the opposite party, and the person making it must know or have reason to believe it to be false.

3. A representation which merely amounts to a statement of opinion, judgment, probability or expectation, or is vague and indefinite in its nature and terms, or is merely a loose conjecture or exaggerated statement, does not amount to legal fraud.

[Opinion filed June 7, 1887.]

IN ERROR to the Circuit Court of Marion County; the Hon. AMOS WATTS, Judge, presiding.

In connection with this case, on the question of directing a verdict for the defendant, see the preceding case of *Wood* v. *I. C. R. R. Co.*

Messrs. T. E. MERRITT and CASEY & DWIGHT, for plaintiff in error.

Knight v. Gaultney and McFarland.

An instruction to find for defendants, a motion for a nonsuit and a demurrer to the evidence, we understand to be governed by the same rules. Frazer v. Howe, 106 Ill. 563; Penn. Co. v. Conlan, 101 Ill. 93; Ward v. City of Chicago, 15 Ill. App. 98.

Under the pleadings in this case the issue was, were the defendants, or either of them, guilty?

If the evidence on behalf of the plaintiff tended to prove the issue, then it was error to instruct the jury to find for the defendants. Smith v. Gillett, 50 Ill. 290; Pemberton v. Williams, 87 Ill. 15; Hubner v. Feige, 90 Ill. 208; Penn. Co. v. Conlan, 101 Ill. 93; Sargent v. Cent. Warehouse Co., 15 Ill. App. 553; Fent v. T., P. & W. R. W. Co., 59 Ill. 349; Morris v. I. & St. L. R. R. Co., 10 Ill. App. 389; Pratt v. Stone, 10 Ill. App. 633.

Where the evidence tends to prove the issue, it would be error for the court to exclude it from the jury, although, in the opinion of the court, the evide ce might not be sufficient to authorize a verdict. Crowly v. Crowly, 80 Ill. 469.

Messrs. William E. Stoker & Son and E. M. Ashcraft, for defendants in error.

False representations of what the law will or will not permit to be done, or what will or will not take place in the future, are representations upon which the party to whom they are made has no right to rely, and if he does, it is his own folly, and he can not ask the law to relieve him from the consequences. Fish v. Cleland, 33 Ill. 238; Cooley on Torts, 486, and cases cited; Gage v. Lewis, 68 Ill. 604.

Wilkin, P. J. This is an action on the case. The declaration avers that the defendants conspiring and confederating together with intent to wrong and injure the plaintiff, who was at the time old and in ill health, by false representations, by over-persuasion, and by preventing her from consulting and advising with friends, induced her to sell and deliver to the defendant, Gaultney, a stock of general merchandise then owned by her and worth $2,000, for a sum much less than the

real value of the same. The last count also avers that the defendant Gaultney, agreed, in consideration of the sale and delivery of said goods, to pay all her then outstanding debts, and that he has not done so. The only averment as to the false representation of facts in any count of the declaration is that defendants " falsely, fraudulently and deceitfully represented and asserted to the plaintiff that the creditors of plaintiff were about to close her said store and take from her said goods and business."

The general issue being pleaded, the trial was had before a jury. The plaintiff having closed her evidence, the court instructed the jury to find for the defendants, and in this plaintiff in error insists there was manifest error. · No other question is presented upon the record for our decision.

The practice of withdrawing a case from a jury in the mode adopted by the court below, has become firmly established in this State, and often approved by the Supreme Court. It has sometimes been said that a motion to so instruct the jury is to be treated as a demurrer to evidence, and that if there is any evidence tending to support the material allegations of plaintiff's declaration, the motion should be overruled. The better rule, however, seems to be that when the evidence introduced with all proper inferences to be drawn therefrom, is so insufficient to sustain a verdict for plaintiff that the court would be compelled to set it aside if so returned, the jury may be properly instructed to find for defendant. Simmons v. C. & T. R. R. Co., 110 Ill. 346, and authorities cited; Bartelott v. International Bank, 119 Ill. 259.

Applying either rule to this case the instruction was properly given. It is well understood that every misrepresentation does not amount to legal fraud. "A knowledge of the falsehood of the statement must rest with the party making it, and he must use some means to deceive or circumvent." Sims v. Klein, Breese, 302; Walker v. Hough, 59 Ill. 375, 378; Schwabacker et al. v. Riddle, 99 Ill. 343. To support an action the misrepresentations must be material. Kerr on Fraud and Mistake, 73.

There must be the assertion of a fact on which the person entering into the transaction relied, and in the absence of

Knight v. Gaultney and McFarland.

which it is reasonable to infer that he would not have entered into it. *Ib.* A misrepresentation goes for nothing unless it is a proximate and immediate cause of the transaction. It is not enough that it may have remotely or indirectly contributed to the transaction, or may have supplied a motive to the other party to enter into it. *Ib.* 74. A misrepresentation, to be material, should be in respect of an ascertainable fact, as distinguished from a mere matter of opinion. A representation which merely amounts to a statement of opinion, judgment, probability or expectation, or is vague and indefinite in its nature and terms, or is merely a loose conjectured or exaggerated statement, goes for nothing though it may not be true. *Ib.* 82. Fraud without damage is not sufficient to support an action. *Ib.* 94.

All these requisites to an action for deceit will be readily found necessary from repeated decisions of our Supreme Court.

Passing by the question as to whether or not the declaration in this case presents any cause of action, tested by the foregoing rules of law, we need only briefly revert to the evidence produced by plaintiff, to show that no recovery could have been legally had by her. She alone testifies as to the transaction. The only statement which she says either of the defendants made as to her creditors closing her business, or pressing her for payment, is as follows: "When Gaultney came he said, it's no use to send for me now, for the man is here now to close you up. I said no, it's not so bad as that." "McFarland was not present then but he came soon after and advised me as a friend to sell to Gaultney. He said if I didn't I would be shut up within a week." She also states that none of her creditors except McFarland were pressing her. She states that in answer to her request for time to consult friends, McFarland stated that he was the best friend she had; but she also swears that she did go down to the store and inform her brother what defendants wanted her to do.

While she states that she was then sixty-four years of age and on that day suffering from neuralgia of the head, she also says she was able to attend to affairs at her house,

and does not pretend that she did not fully understand the transaction. She also swears that a Justice of the Peace was sent for and was present when the transaction was closed up and does not pretend that he was unfriendly to her. We have carefully examined her testimony, and failed to find that at the time of the alleged sale any false representation was knowingly made by the defendants; that they knew or pretended to know anything more as to the intention of her creditors than she herself knew. We find no proof whatever to sustain the allegation of duress, nor that she was not in a condition of mind to protect herself. Therefore the proof wholly failed to show such legal fraud as would sustain the action. But a still clearer reason for sustaining the action of the trial court is found in the fact that as plaintiff left her cause before the jury, there was an entire absence of proof as to what the contract between the parties really was, or what, if any, damages the plaintiff had sustained. By her testimony it appears that the contract was in writing but it was not offered in evidence. There is nothing in the evidence from which a jury could determine that the defendant Gaultney did not pay or agree to pay the full value of the goods. In fact, from her statement, the agreement was to pay all the goods were worth, or substantially so. She swears, both on her examination in chief and cross, that the defendants agreed to pay all her creditors and that until they did so she refused to sign the bill of sale. And on cross-examination she swears the agreement was that "I was to sell to Mr. Gaultney. He was to surrender my $500 and $200 notes and pay Havens & Geddis $157 and pay all the balance of my creditors. *What I complain of is, he hasn't done it.*" If the defendants, or either of them, contracted to give a price for the goods which they have failed to pay, the creditors or plaintiff may have an action for that unpaid price; but there is an entire failure of proof to sustain this action. The court properly instructed the jury to find for defendants and its judgment upon that verdict must be affirmed.

*Affirmed.*