LOUIS C. WACHSMUTH AND FRED H. WACHSMUTH

v.

JOHN J. MARTINI.

*Mercantile Agencies—Statement by Merchant of Assets and Liabilities Through—Omission of Liability—Act of Clerk—Error of Agency —Sale of Goods to Merchant by Client of Agency—Failure of Merchant —Action of Case for Fraud and Deceit—Intent—Evidence—Instructions.*

1. In order to support an action of case by a vendor against a vendee on the ground that the vendee secured credit by reason of false representations as to his commercial standing, the false representations must have been knowingly made with intent to deceive, and the plaintiff must have been deceived thereby and through such deceit suffered damages.

2. While false and fraudulent acts of an agent, made in the course of his employment, may render the principal liable in an appropriate form of action, yet they will not render him liable in an action of case for the deceit unless the principal co-operated with his agent in the wrongful acts.

3. The question of intent being material in such an action, it was competent for a clerk to testify that in making the statement relied on by plaintiff he disobeyed the instructions of his principal.

4. Upon the case presented, the jury were justified in finding that the omission of liabilities chiefly complained of in the statement in question was a mistake, and not done with intent to defraud.

[Opinion filed December 12, 1892.]

APPEAL from the Circuit Court of Woodford County; the Hon. T. M. SHAW, Judge, presiding.

Messrs. WALPOLE WOOD and NEWELL & KENNEDY, for appellants.

Messrs. W. L. ELWOOD, E. L. STOKER and JAMES A. RILEY, for appellee.

MR. JUSTICE HARKER. About the first of July, 1891, appellee, a retail dealer in clothing at Minonk, Illinois, made an order through the traveling salesman of appellants, wholesale dealers in clothing at Chicago, for goods amounting to $2,805. The order being largely in excess of any before ordered of them by appellee, appellants applied to the Mercantile Statement Company at Chicago for a statement of appellee's commercial standing. On the 8th of July, 1891, that company addressed a letter to Martini at Minonk, requesting a statement of his financial affairs, and inclosed with the letter a blank to be filled out by him. The letter contained no intimation that such statement was desired by appellants. On receipt of the letter Martini turned it over to his confidential clerk and bookkeeper, one Peter Wiltz, with instructions to fill out the blank so as to show the condition of his assets and liabilities. After some discussion and directions Wiltz filled out certain of the blank statements, signed Martini's name to it, and mailed it to the Mercantile Statement Company. It was executed on the 9th of July and showed:

ASSETS.

| | | |
|---|---|---|
| 1 Cash value of stock............... | $ | 6,000.00 |
| 2 Amt. of book accounts and notes on hand considered good......... | | 130.00 |
| 3 Cash on hand in bank............ | | 100.00 |
| 4 Other assets—not real estate,..... | | 3,500.24 |
| 5 Value of real estate not exempt as homestead................. | | 1,800.00 |
| 6 Description of same and value of each parcel : | | |

Two lots at Des Plaines, Cook
Co., Ill...................... $ 1,000
Forty acres at Marion Co., Ill... 800

LIABILITIES.

For merchandise on open account and
not due.........................  $ 2,800.00
For borrowed money other than real
estate mortgages...............  300.00

Immediately on receiving the same the Mercantile State-
ment Company returned to appellants the following report:

Statement of J. J. Martini, Minonk, Ill.

ASSETS.

Cash value of stock.................  $ 6,000.00
Amount of book accounts and notes..  130.00
Cash on hand in bank...............  100.00
Other assets—not real estate.........  3,800.00
Net value of real estate.............  3,600.00

Total assets  $13,630.00

LIABILITIES.

For merchandise on open account not
due ..........................  $ 2,800
For borrowed money not on mort-
gages.........................  300  $ 3,100.00

Surplus assets  $ 10.530.00

On receipt of this report appellants accepted the order
received through their traveling salesman a few days before
and shipped the goods in various lots to Martini.

On the 13th of November, 1891, Martini sold his entire
stock of goods at Minonk to Wiltz and Goodwin, clerks in
his store, for $6,019, one-half for cash and one-half in notes
secured by real estate. On the 18th of November, 1891,
judgment by confession was entered against him in the Cir-
cuit Court of De Witt County for $3,725.69 on a note bear-
ing date March 1, 1891, but which was not reported to the
Mercantile Agency. From that judgment executions issued,
and by virtue thereof a levy was made and a sale had of the

entire stock of goods in a store of Martini's at Farmer City, De Witt County.

Immediately on learning of the sale of the stock of goods at Minonk and the confession of judgment in De Witt County, appellants sued Martini in case for fraud and deceit and in trover, and had issued against him a *capias ad respondendum.* On a plea of the general issue a trial was had resulting in a verdict for the defendant. The court overruled a motion for new trial and rendered judgment against appellants for costs, but continued Martini's bail pending this appeal. Appellants seek a reversal because the court admitted improper testimony, gave improper instructions for appellee, refused proper instructions asked by appellants, and because the verdict is against the evidence. While there is not that harmony of expression in the opinions of our Supreme Court on the subject of liability in cases of deceit to be desired, a careful examination of the cases will show that to sanction a recovery in such an action the false representation must have been knowingly made with intent to deceive, and the plaintiff must have been deceived thereby, and through such deceit suffered damages. Weatherford v. Fishback, 3 Scam. 170; Henshaw v. Bryant, 4 Scam. 97; Hiner v. Richter, 51 Ill. 299; Merwin v. Arbuckle, 81 Ill. 501; Schwabaker v. Riddle, 99 Ill. 343; also Flower v. Farwell, 18 Ill. App. 254. In this case it is not denied that appellants were deceived and have suffered damages. The frictional question is over the conduct of appellee in the whole matter, the *quo animo* with which the false representations were made.

It should be remembered that when the Mercantile Statement Company made up for appellants the report from the statement furnished by Wiltz, two very serious mistakes were made. The real estate was reported $1,800 more, and the "assets, not real estate," $300 more than shown by the statement, thereby increasing Martini's rating of assets $2,100 over what it had been represented to the company. What would have been appellant's action in filling the order for goods, had the mercantile agency correctly reported from

the statement made out by Wiltz, is a mere matter of conjecture. No doubt they were in a measure misled by it. But appellee could not in any form of action be held liable for any injury on that account. The mercantile agency was the agent of appellants, and must respond to them for the consequences of its negligence. And yet the declaration charges appellee with having knowingly and intentionally made this and the other false statements contained in the report, rendered to them by the mercantile agency. In this respect the proofs do not correspond with the allegations in the declaration. On the trial it was shown that while Martini gave directions to Wiltz as to filling up the blank statement, Martini did not sign it and did not see it after it was completed. Wiltz made several mistakes and filled out some items contrary to direction. In this it is claimed he acted fraudulently with intent to deceive, and that appellee was rendered liable thereby. It is contended that the false statements contained therein were not mistakes merely, but were falsehoods made with fraudulent intent. While the false and fraudulent acts of an agent made in the course of his employment may render the principal liable in an appropriate action, they will not in an action for deceit unless the principal co-operated in the agent's misdeeds. It is contended the court erred in allowing Wiltz to testify that he made mistakes; that he filled out items in the statement contrary to instructions from Martini; that Martini had other assets than shown in the statement; and that the stock of goods was really worth $9,000, instead of $6,000. As fraudulent design upon the part of appellee lay at the very foundation of appellants' action, and had been expressly averred in the declaration, such testimony was entirely proper.

The court refused the following instruction offered by appellants:

" The court instructs the jury that to recover in an action of deceit, it is only necessary for plaintiffs to prove that some material representation in the statement made to the Mercantile Statement Company was false; that it was com-

Wachsmuth v. Martini.

municated to the plaintiffs; that the defendant knew it was false, and that the plaintiffs relied upon it as true, were induced to act upon it, and were injured in so doing. The motives or intentions in making such misrepresentation are immaterial."

In our opinion the last part of this refused instruction rendered it bad. Said Chief Justice Craig in Schwabacker v. Riddle, 99 Ill. 343, "We are aware of no authority which will sanction a recovery in an action for deceit, unless a false representation has been made knowingly with intent to deceive." This is the last expression of our Supreme Court, and while it does not harmonize with what is said by Justice Sheldon in Case v. Ayers, 65 Ill. 142, we believe it is based on a correct principle. Misrepresentations knowingly made are sufficient to warrant an inference of fraudulent intent, but to hold that the intention of a party making the misrepresentation is immaterial, would be against authority and principle.

The serious misrepresentation, and concerning which appellants make the greatest complaint, was in the omission to list the note of March 1, 1891, on which judgment was confessed for $3,725.69, among the liabilities of Martini. Both Martini and Wiltz testified that such omission was a mistake and unintentional, while appellants claim that it was knowingly and fraudulently omitted. In fact it is claimed by appellee, with reference to all misstatements and omissions, that they were mistakes and oversights, while it is claimed by appellants that they were fraudulent misrepresentations knowingly made. The decision of the question rested peculiarly within the province of the jury. We are not prepared to say that the misrepresentations were not innocently made. There is certainly nothing more strange or unreasonable in the claim that Martini and Wiltz made honest mistakes in making up the statement, than in the fact that the Mercantile Statement Company made mistakes in reporting to appellants from that statement.

No serious error of the court in giving, refusing or modifying instructions appears, and we see no reason for disturbing the verdict of the jury.     *Judgment affirmed.*