## Staver & Abbott Manufacturing Co. v. Coe.

1. *Witnesses—Separation of.*—The matter of separating the witnesses and excluding them from the court room until called to the witness stand, rests entirely within the discretion of the trial court, and the Appellate Court will not inquire as to whether the discretion was judicially exercised.

2. *Trials—By the Court—Conduct of, etc.*—It is entirely proper for the trial court, in ruling upon objections to evidence, to give his reasons for his holding, being always guarded against saying anything in the presence of the jury prejudicial to either litigant.

3. *Vendor and Vendee—Possession of Goods by Fraud—Execution Debtor.*—Where a merchant who is insolvent obtains possession of goods under a pretense of purchase, by means of fraud and fraudulent representations as to his financial condition, and with no intention to pay for them, title does not pass between them, and the vendor may recover possession of the goods in replevin, if they have not passed into the hands of a *bona fide* purchaser. Such title does not extend to an execution debtor; he does not stand in the sense of an innocent purchaser, but is a mere lienor who takes title subject to all the infirmities existing between the vendor and the fraudulent vendee.

4. *Vendor and Vendee—Fraud—Recovery of Goods—Intention.*—To sustain a recovery of the goods by the vendor, it must appear that the vendee at the time of going through the forms of a purchase, entertained

Staver & Abbott Mfg. Co. v. Coe.

a positive intention not to pay for them. It is not a fraud for a purchaser to buy on credit when he is insolvent. He may even conceal the condition of his liabilities, if he buys with an honest intention, and if he does so with a belief that his affairs will so improve as to enable him to get through his embarrassment, the purchase will stand.

5. *Fraud—Misrepresentations Knowingly Made.*—Misrepresentations knowingly made are sufficient to warrant an inference of fraudulent intent, but to hold that the intention of the party making the misrepresentation is immaterial would be against authority and principle.

6. *False Representations—Commercial Agencies.*—The false representation must be shown to have been made to the vendor or to a commercial agency, whose business it is to ascertain the financial condition of dealers and report to its customers. The business of commercial agencies is well understood in the commercial world, and a false and fraudulent statement made by a retail dealer to one of them upon which a vendor is induced to extend credit, would be followed by all the consequences of a false statement made directly to the vendor.

**Memorandum.**—Action of replevin. Appeal from the Circuit Court of Livingston County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed December 12, 1893.

## STATEMENT OF THE FACTS.

This replevin was brought by appellant against appellee, sheriff of Livingston County, to recover the possession of twenty-one buggies or spring vehicles seized by him under five executions against Joseph J. Benway and Henry Kuntz, partners, doing business as Benway & Kuntz, at Strawn, Livingston County, Illinois.

The declaration recited that the plaintiff was a corporation and owned the buggies, and that the defendant unlawfully took and detained them from it. The defendant pleaded property in himself, property in the execution debtors, Benway & Kuntz, *nul tiel* corporation, and that he took and detained the buggies as sheriff under said executions. Upon these pleas the usual issues were joined and the case was tried before a jury resulting in a verdict for the defendant as follows :

" We, the jury, find : 1. That the plaintiff herein was a corporation at the time of the beginning of this suit. 2. That the property in controversy in the suit was the prop-

erty of Benway & Kuntz, at the time of the levy made upon it by the said sheriff, under certain executions then held by him.   3.   That the defendant is not guilty." The plaintiffs appealed.

### APPELLANT'S BRIEF, C. C. STRAWN AND A. C. NORTON, ATTORNEYS.

To bring a party within the rule, it is not required that the party shall have the particular person deceived, in mind at the time of the making of the fraudulent representations.   If he has everybody in mind to whom knowledge of the representations may come, that includes the particular person to whom the representations do in fact come.   In such cases the person defrauded is as much within the scope of the fraudulent party's intent, as if the representations were made to him direct.   Wells v. Cook, 88 Am. Dec. 442; Watson v. Crandall, 7 Mo. App. 233, 78 Mo. 583; Baker v. Crandall, 78 Id. 584; Commonwealth v. Call, 21 Pick. 515; Commonwealth v. Harley, 7 Met. 462; Goodwin v. Goldsmith, 49 N. Y. Super. Ct. 101; Genesee Co. Savings Bk. v. Michigan Barge Co., 52 Mich. 164; Naugatuck Cutlery Co. v. Babcock, 22 Hun, 481; Macullar v. McKinley, 49 N. Y. Super. Ct. 5.

The doctrine is the same where the defendant makes false representations with the intention of deceiving a class to which the plaintiff belongs; though the representations are not made to the plaintiff personally, yet he has his action. Peck v. Gurnsey, L. R., 6 H. L. 377, 396, 412; Bedford v. Bagshaw, 29 L. J. Ex. 65.

### APPELLEE'S BRIEF, R. S. McILDUFF AND GEO. W. PATTON, ATTORNEYS.

Undisclosed insolvency on the part of the vendee, is not such evidence of fraud as entitles the vendor to rescind the sale and maintain an action of replevin to recover goods sold. The mere suppression of facts as to his financial standing by a purchaser of goods is not fraudulent, unless his intention is to obtain possession of the goods and not to pay for them. Reticker v. Katzenstein, 26 Ill. App. 33; Morris & Lewis v.

Reticker, 27 Ill. App. 601; Patton v. Campbell, 70 Ill. 74; People ex rel. v. Healy, 128 Ill. 17; Kitson v. Farwell, 132 Ill. 337.

OPINION OF THE COURT, HARKER, P. J.

Joseph J. Benway and Henry Kuntz, partners, doing business under the firm name of Benway & Kuntz, at Strawn, Livingston County, Illinois, purchased, on four months' credit, twenty-one buggies from appellant, a corporation engaged in manufacturing such merchandise. A few weeks after the buggies were shipped and delivered, judgments were recovered against Benway & Kuntz by various creditors, aggregating more than $4,000. On executions issued from the judgments, appellee, as sheriff of Livingston County, levied upon and took possession of the buggies. Soon afterward appellant began this suit in replevin to recover possession of them, claiming that Benway & Kuntz obtained them on credit by such false and fraudulent representations as to their financial condition, that title to the property did not pass from it.

There was a trial in the Circuit Court by a jury, which found appellee not guilty of wrongfully taking the property and that the same at the time of the levy of the executions, was the property of Benway & Kuntz. A motion for a new trial was overruled, the usual judgment entered, and this appeal taken.

As grounds for reversal of the judgment below, appellant assigns, and urges vigorously, a multitude of errors committed by the trial court. The first alleged error was the refusal of the court to allow appellant's motion to separate the witnesses and exclude them from the court room until called to the witness stand. This was a matter resting entirely within the discretion of the court. We will not inquire whether that discretion was judiciously exercised. Errissman v. Errissman, 25 Ill. 136.

It is urged that the court erred in commenting upon evidence in the hearing of the jury, and that appellant was greatly prejudiced thereby. We have carefully examined

into the record in that regard, and find the comments complained of, to consist solely of what was said by the court in passing upon objections to evidence. We do not agree with counsel in the proposition that in jury trials the court should be content with simply ruling upon the question raised to the evidence—should stop with sustaining or overruling the objection. We think it entirely proper for the trial court to give reasons for his holding, being always guarded, of course, against saying anything in the presence of the jury prejudicial to either litigant. We are unable to see anything in the remarks of the court calculated to prejudice the rights of appellant in the eyes of the jury.

It does not appear from the evidence that Benway & Kuntz made any representations directly to appellant as to their financial condition at the time the buggies were ordered, but the evidence as to that branch of the case consisted of a report made by a local representative to the Bradstreet Mercantile Agency, dated December 4, 1890, a revision of the same dated November, 1891, a report from the Implement Credit Co., a report from R. G. Dun & Co., with an appended statement of Benway & Kuntz, dated December 10, 1890, and a statement made by Benway & Kuntz, February 11, 1892, to Hibbard, Spencer, Bartlett & Co., wholesale dealers in Chicago.

A few days after the order was placed, February 15, 1892, Charles F. Shuey, the credit man of appellant, was given the order with instructions to investigate the financial standing of Benway & Kuntz. Receiving the reports and statements above mentioned, he decided that the firm was solvent and the order was filled, the credit to run four months from the 1st of April, 1892. The goods were levied upon about two months after that date.

We regard the law in this class of cases as well settled. It may be stated briefly as follows: Where a merchant, who is insolvent, obtains possession of goods under a pretense of purchase by means of false and fraudulent representations as to his financial condition, and with no intention to pay for them, title does not pass between them, and the

vendor may recover possession of the goods in replevin, if they have not passed into the hands of a *bona fide* purchaser. Title does not extend to an execution debtor. He does not stand in the sense of an innocent purchaser, but is a mere lienor, who takes title subject to all the infirmities existing between the vendor and the fraudulent vendee.

To sustain a recovery of the goods by the vendor, it must appear that the vendee, at the time of going through the forms of a purchase, entertained a positive intention not to pay for them. It is not fraud for a purchaser to buy on a credit when he is insolvent. He may even conceal the condition of his liabilities, if he buys with an honest intention to pay, and if he does so with a belief that his affairs will so improve as to enable him to get through his embarrassment, the purchase will stand. Henshaw v. Bryant, 4 Scam. 97; Blow v. Gage, 44 Ill. 208; Hiner v. Richter, 51 Ill. 299; Schwabacker v. Riddle, 99 Ill. 343; Kitson v. Farwell, 132 Ill. 337; Morrill v. Corbin, 13 Brad. 86; Catlin v. Warren, 16 Brad. 423; Swaim v. Humphreys, 15 Brad. 451; Flower v. Farwell, 18 Brad. 254; Wachsmuth v. Martini, 45 Ill. App. 244.

In Wachsmuth v. Martini, this court held that misrepresentations, knowingly made, are sufficient to warrant an inference of fraudulent intent; but to hold that the intention of the party making the misrepresentation is immaterial, would be against authority and principle.

The false representations must be shown to have been made to the vendor or to a commercial agency, whose business it is to ascertain the financial condition of dealers, and report to its customers. The business of commercial agencies is well understood in the commercial world, and any false and fraudulent statement made by a retail dealer to one of them upon which a vendor is induced to extend credit, would be followed by all the consequences of a false statement made directly to the vendor. It would not be sufficient, however, to show that the false statement upon which the vendor relied, had been made to another from whom credit was sought. While appellant could rely upon

statements made to the Bradstreet Mercantile Agency, and R. G. Dun & Co., if properly verified, it could not legally do so on the statement made to Hibbard, Spencer, Bartlett & Co. It does not appear that Benway & Kuntz, at the time of making the last named statement, did so with the intent that it should be acted upon by any person other than the firm to whom it was addressed. Benjamin on Sales, 563; Wells v. Cook, 16 O. St. 67; Eaton v. Avery, 83 N. Y. 34; McCracken v. West, 17 O. 25.

We do not think the proofs made by appellant were sufficient to warrant a recovery. Much produced by it and heard by the jury was improperly received. It would render this opinion too lengthy to discuss in detail the various contentions as to the rulings of the court on questions of evidence. Suffice it to say, that the rulings of the court were more liberal toward appellant than is allowable under strict rules of evidence, and that it was denied no proofs that were legitimate that could have altered the result of the trial.

We do not think from the evidence, that Benway & Kuntz, at the time the buggies were ordered, had conceived the idea of obtaining possession of them and not paying for them. We do not think that when the statements to the two commercial agencies were made, they entertained an intention to defraud persons that might be induced to extend credit to them.

There are some errors in the instructions, but we feel so well satisfied that the verdict of the jury was right, under the evidence, and that no other conclusion should have been reached, that we shall not reverse the judgment for errors there found. Judgment affirmed.