WELCH et al., Respondents, v. RUNDELL et al., Appellants.

(161 N. W. 612.)

(File No. 4055.   Opinion filed March 5, 1917.)

1. **Specific Performance—Land, Whether Drainable—Fraudulent Misrepresentations, as Defense—Surveyor's Statements, Representations Concerning—Non-concealment of Facts—Sufficiency of Evidence.**

In a suit for specific performance, in which was interposed the defense of fraud, deceit, and misrepresentation of vendors to the effect that the land was drainable, when in fact it was not; the evidence showing that vendors told vendees that there was a sufficient fall to, certain portions of the land to afford good drainage to a neighboring ditch, and that certain county surveyors had told vendors that there were certain "falls" from one side to the other thereof, there being no attempt to show that said surveyors' statements were untrue; that both parties had substantially the same opportunities for observing the premises and determining its drainage facilities; and there being no concealment by vendors of any material fact; held, that the evidence supported a finding that the sale contract had not been procured by means of fraud.

**2.  Vendor and Purchaser—Specific Performance—Fraudulent Representation as Defense—Means of Knowledge, Vendee's Obligation to Pursue.**

Where, in a suit for specific performance of a contract of sale of land, the evidence showed that both parties had substantially equal opportunities before entering into the contract, for observing the premises and determining its drainage facilities, and there being no concealment by vendors of any material fact, **held**, that it was incumbent upon vendees to exercise their faculties to satisfy themselves concerning the facts before entering into the contract; the rule of caveat emptor being applicable.

**3.  Specific Performance—Fraud and Deceit as Defense—Ordinary Care, Exercise of by Purchaser—Rule.**

In an action for fraud and deceit, a recovery cannot be had unless plaintiff has exercised ordinary care to guard against fraud, unless he has been thrown off his guard by the other party. So **held**, in a suit for specific performance.

Appeal from Circuit Court, Turner County. Hon. ROBERT B. TRIPP, Judge.

Action by A. O. Welch and R. D. Welch, against E. C. Rundell and M. R. Rundell, to enforce specifice performance of a contract for purchase of realty. From a judgment for plaintiffs, and from an order denying a new trial, defendants appeal. Affirmed.

*Bogue & Bogue,* for Appellants.

*Fleeger & Hanson,* for Respondents.

(2.)  To point two of the opinion, Appellants cited: Chapman v. Hill, 137 Pac. 1041, 77 Wash., 274; New York Brokerage Co. v. Wharton, Ia. 119 N. W. 969; Civ. Code, Sec. 2345.

Respondents cited: Civ. Code, Sec. 2345; 36 Cyc. 602; 20 Cyc. 49, 50, 55; 9 Cyc. 428-9; 12 R. C. L. pp. 277, 244.

POLLEY, J. Action to enforce specific performance of a contract to purchase a quarter section of land in Turner county. Plaintiffs, who are vendors in the contract, had judgment, and defendants appeal.

The defense set up by appellants in their answer is that they were induced to enter into said contract by fraud, deceit, and misrepresentation of respondents.

It appears from the evidence that, extending from south to north, nearly if not quite across the premises involved, is a strip of land which during certain seasons is covered with water, and, of course, during such times cannot be cultivated. It also appears from the evidence that, if said strip of land could be properly drained, it could be cultivated and would be valuable land. Appellants alleged in their answer that respondents represented to them at the time they entered into the contract that said strip of land could be "effectively and efficiently drained"; that appellants believed and relied upon said representations; and that they would not have entered into said contract had they not believed said representations. They then alleged that there is no "fall" whatever across said land and that the same cannot be drained. The evidence in support of the allegation that appellants were induced to enter into the contract by the misrepresentations of respondents is to the effect that the respondents told the appellants prior to the making of the contract that there was a sufficient fall from the north side of the land in question to a certain drainage ditch, a short distance to the south of the land, to afford good drainage; that a certain county surveyor had surveyed said land and had told respondents that there was a fall of 6 feet from the north side of said land to the said drainage ditch; that another surveyor had told them there was a fall of 16 inches from the north side to the south side of said land; and that respondents themselves had made a test with a straight edge from which they determined that said land could be drained. There was evidence tending to show that the land was so flat that it was not practical to drain it, but there was no attempt to show that what respondents said had been reported to them by the said surveyors was untrue, nor that respondents themselves did not in good faith believe it

would be practical to so drain said land. It appeared from the evidence that at the time the contract was made the appellants were as familiar with the premises as respondents were; that they had farmed the land themselves one season, a year or two before they made the contract, and that they had the same opportunities before entering into the contract for observing said premises and determining its drainage facilities that respondent had. Upon this evidence the trial court found as a fact that said contract had not been procured by means of fraud.

[1, 2] We believe said finding of the trial court is fully sustained by the evidence. There was no concealment by respondents of any material fact. All parties appear to have been of the opinion that the land was susceptible of being properly drained, and there is no conclusive evidence in the record that the land cannot be successfully drained. The respondents had no knowledge or means of knowledge that were not equally available to appellants, and it was incumbent upon them to exercise their faculties and their means of knowledge to satisfy themselves in regard to the facts before entering into the contract.

The rule applicable to this class of cases is stated in 20 Cyc. p. 49, as follows:

"According to the weight of authority, however, the rule of caveat emptor applies, and under ordinary circumstances the purchaser is required to use reasonable prudence to avoid deception. Thus where the subject-matter of the representation is a fact not peculiarly within the vendor's knowledge, but is one as to which the purchaser has equal and available means and opportunity for information, and there are no confidential relations existing between the two, and no fraud or artifice is used to prevent inquiry or investigation, it is a general rule that the purchaser must make use of his means of knowledge, and that, failing to do so, he cannot recover on the ground that he was misled by the vendor."

In an action for fraud or deceit a recovery cannot be had unless the plaintiff has exercised ordinary care to guard against fraud, unless he has been thrown off his guard by the other party. Schwabacker et al. v. Riddle, 99 Ill. 343.

Applying the above rules to the facts in this case, no actionable fraud has been shown, and the judgment and order appealed from are affirmed.