Wilbur F. Kellogg, Appellee, v. Katherine N. Kellogg, Appellant.

Gen. No. 40,027.

Opinion filed May 11, 1938.

J. Colburn Hamilton, of Chicago, for appellant; David A. Canel, of Chicago, and Daniel F. Kemp, of counsel.

ROLAND J. KLINGLER, of Chicago, for appellee.

MR. PRESIDING JUSTICE HEBEL delivered the opinion of the court.

This is an interlocutory appeal from an order entered in the circuit court of Cook county restraining the defendant from prosecuting an action in the municipal court of Chicago to enforce a judgment for alimony entered by the United States District Court for the District of Columbia, and further, the denial of defendant's motion to vacate the restraining order, by failure of the court to act within seven days from its presentation. This restraining order was entered without bond and without notice to the defendant, except notice to the attorney who filed her suit in the municipal court.

The order for a temporary injunction is based upon a petition filed by the plaintiff seven years after the entry of a decree for divorce in the circuit court of Cook county, Illinois. The petition alleged that the defendant, notwithstanding the entry of a decree of divorce by the circuit court of Cook county, proceeded with an action for divorce instituted by her in the District Court of Columbia, and obtained a decree of divorce with an order for permanent alimony. The petition further alleged that the plaintiff pleaded as a defense in the district court the decree entered by the circuit court of Cook county. It is also alleged that the defendant had instituted an action in the municipal court of Chicago upon the judgment entered by the District of Columbia court and unless restrained would enforce such judgment; that the court of the District of Columbia did not have jurisdiction of the parties or of the subject matter. The motion to vacate alleged that the defendant had filed a petition for divorce in the District of Columbia on September 16, 1930, which was filed prior to the filing by the plaintiff of his di-

vorce bill in the circuit court of Cook county, Illinois; that the plaintiff appeared generally in the District of Columbia, filed his answer, and pleaded the entry of the decree of the circuit court as a defense; that thereafter, on hearing, the District of Columbia court entered the divorce decree and the alimony judgment complained of.

From the undisputed facts it appears that the defendant is a resident of the District of Columbia, and until September 1, 1929, Wilbur F. Kellogg, the plaintiff in this action, also resided in the District of Columbia; that the parties were married and lived together in the District of Columbia until March, 1928. On September 16, 1930, Katherine N. Kellogg, the defendant, filed a petition for divorce from the plaintiff in the Supreme Court of the District of Columbia (now known as The United States District Court for the District of Columbia), charging adultery. On September 26, 1930, Wilbur F. Kellogg, the plaintiff, filed a bill of complaint in the circuit court of Cook county for a divorce from the defendant, charging desertion. The defendant in this action was served by publication and never appeared in the circuit court of Cook county, Illinois. On December 1, 1930, a decree of divorce was entered in the circuit court, reserving provisions for the control, custody, education and allowance for the support of the minor children of the parties. Wilbur F. Kellogg, on September 9, 1931, filed an answer in the District of Columbia proceedings, denying that he and the corespondent were residents of the District of Columbia, admitting that the plaintiff in this action and the defendant were married, had two children, and lived together until March, 1928, denying that the parties separated because of his fault, denying the acts of adultery alleged, alleging that he had contributed to the maintenance of the defendant and their children and was unable to pay more than

$75 a month for their maintenance, and alleging as a special defense the decree of the circuit court of Cook county entered on December 1, 1930.

An interlocutory decree was entered on November 24, 1933, by the District of Columbia court, reciting that counsel for both parties had been heard and that the plaintiff and corespondent had been served with process, finding that the allegations in the bill of complaint were established and cause for the dissolution of the bonds of matrimony between the plaintiff and the defendant had been proved, awarding the custody of the minor children to the defendant, ordering the plaintiff to pay $100 a month as permanent alimony, and to pay to the defendant $615 as the amount of arrears due her under the order of the court. On March 12, 1934, a final decree of divorce *a vinculo matrimonii* was entered by the District of Columbia court, dissolving the bonds of matrimony between the plaintiff and the defendant upon the expiration of the time allowed for taking an appeal. On April 23, 1937, a judgment was entered by the United States District Court for the District of Columbia, ordering that Wilbur F. Kellogg pay to his former wife the sum of $2,740, being the amount of arrears of alimony due her under previous orders of court up to and including February 28, 1937, and that she have judgment for that amount with execution thereon as at law.

In May, 1937, a suit was filed by the defendant, Katherine N. Kellogg, in the municipal court of Chicago, based upon the judgment of the United States District Court for the District of Columbia entered therein on April 23, 1937, and on June 1, 1937, a general appearance was filed in the municipal court of Chicago on behalf of Wilbur F. Kellogg, the plaintiff in this action. Thereafter on December 31, 1937, he filed a petition in the circuit court of Cook county—in the same case in which his decree for divorce was en-

tered—wherein he prayed that the court consider the questions of control, custody, education and allowance for the support of the minor children and after due notice enter proper order in accordance with the facts, and pending such hearing the court entered the order restraining the defendant, her attorneys and agents, from prosecuting the case instituted by the defendant in the municipal court of Chicago.

The court entered the restraining order, using this language:

". . . ; that the respondent, her attorneys and agents be restrained from prosecuting her action in the Municipal Court of Chicago, being case No. 27778957, and from prosecuting any other proceedings, to enforce any orders or decree of the United States District Court for the District of Columbia, equity Case No. 51878, all until further order of this court, that for good cause shown in the petition petitioner is excused from giving bond."

The language of the court is broad and the order therefore would prevent the defendant from pursuing any right that she may have by reason of the entry of the decree in the United States District Court mentioned above.

In our opinion this order is entirely too broad, and from a reading of the petition filed for the purpose of this temporary restraining order there is nothing in the petition to indicate that the plaintiff would be deprived of any defense he may have against the prosecution of the suit now pending in the municipal court of Chicago; and further, it is to be noted that the order provides "that for good cause shown in the petition petitioner is excused from giving bond." The statute on Injunctions, ch. 69, sec. 9, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 109.357], provides:

"In all other cases, before an injunction shall issue, the plaintiff shall give bond in such penalty, and upon

such condition and with such security as may be required by the court, judge or master granting or ordering the injunction: Provided, bond need not be required when, for good cause shown, the court, judge or master is of opinion that the injunction ought to be granted without bond.''

As appears from the order itself, the part of the order providing ''that for good cause shown in the petition petitioner is excused from giving bond,'' does not comply with the statutory provision just quoted. The petition itself and the amendment thereto do not state any facts from which it would appear there was justification for that part of the order directing that the petitioner be excused from giving bond.

In *Peck v. Peck,* 214 Ill. App. 41, the court, on the question of granting an injunction without bond, said:

''Again, the injunction was granted without bond and no reason for waiving the requirement of the statute that a bond should be exacted is found in the order, nor does any reason for dispensing with a bond appear in the supplemental bill or by any affidavit supporting the same.'' To the same effect is the case of *Redfield v. Lorimer-Lundquist Co.,* 174 Ill. App. 547.

For the reasons stated the temporary injunction order is reversed.

*Injunctional order reversed.*

Denis E. Sullivan and Hall, JJ., concur.